The STATE of Ohio, Appellee,

v.

HAYES, Appellant.

[Cite as *State v. Hayes* (1993), 86 Ohio App.3d 110.]

Court of Appeals of Ohio,
Hamilton County.

No. C–920190.

Decided Jan. 29, 1993.

*Joseph T. Deters,* Hamilton County Prosecuting Attorney, and *Stephen J. Wenke,* Assistant Prosecuting Attorney, for appellee.

*Timothy A. Smith,* for appellant.

*Per Curiam.*

The defendant-appellant, Dwight Hayes, has taken the instant appeal from the order of the court below which granted Hayes's motion to transfer his probation

supervision to another jurisdiction and augmented the conditions of his probation. In his single assignment of error, Hayes alleges that the trial court, without a proper basis, incorrectly imposed additional conditions upon his probation more than one year after final judgment was entered on the matter. For the reasons which follow, the judgment of the trial court is reversed.

On November 14, 1990, Hayes pleaded guilty to two counts of gross sexual imposition. A sentence of two years' incarceration on each count (to run consecutively) was imposed on December 18, 1990, and execution of that time, with the exception of one hundred eighty days, was suspended. In addition, Hayes was placed on probation for five years. On August 12, 1991, after serving the period of confinement, Hayes filed a motion to transfer his probation supervision to Cuyahoga County. Nine days later, in an entry dated August 21, 1991, the trial court granted the motion, ordering that "defendant's probation supervision shall be transferred to Cuyahoga County, Ohio, with the same conditions as those imposed herein." Three months later, on November 22, 1991, Hayes was arrested by a Lorain County probation officer and charged with violating several rules of his probation. After several hearings were conducted on the matter and while the charges were still pending against Hayes, the trial court, on December 12, 1991, placed of record an entry signed by the judge and by counsel for both parties, entitled "Entry Ordering [Defendant] Transferred to Cuyahoga County Probation Supervision." The entry ordered that Hayes be transferred to the Cuyahoga County Probation Department for supervision pending a probable cause hearing, that he live in a work release situation, and that all prior conditions of probation as previously agreed to by Hayes remain in effect. Approximately two months later, on February 3, 1992, an order was entered in the record entitled "Entry: Setting Conditions of Probation," which provided, in part, that "[d]uring the pendancy [sic] of the consideration of the probation violation * * * the Court heard the defendant's motion to allow the transfer of supervision from Hamilton County to Cuyahoga County, Ohio. The court grants such motion * * *." This order, although characterized as an agreed entry in a portion of the text, was prepared by the probation department, signed by the trial judge and placed in the record without the knowledge of the defendant or his counsel.

Clearly, the February 3 entry was inaccurate and unnecessary because it purported to dispose of a motion which had already been ruled upon in August 1991. In any event, on February 18, 1992, Hayes filed a motion to dismiss the probation violation charges. In an order dated March 4, 1992, the trial court found the motion to be well taken and dismissed the charges against Hayes. Also on that date, the trial court placed a separate entry of record entitled "Entry: Restore and Continue Setting Conditions of Probation." This entry was

nearly identical to the court's order of February 3, 1992, in that it again purported to grant Hayes's motion for the transfer of his probation supervision to Cuyahoga County, but it also clearly set forth additional rules of probation as conditions [1] for granting the transfer motion, and it was entered without the knowledge or consent of Hayes.

On appeal, Hayes alleges in his single assignment of error that the trial court erred by imposing additional conditions of probation more than one year after final judgment was entered on the matter. In his brief, Hayes argues, in essence, that the trial court lacked statutory authority to modify the terms of his probation. We find merit in this assignment.

█ It is well established in law that once a valid sentence has been executed, a trial court no longer has the power to modify the sentence except as provided by the General Assembly. See *State v. Addison* (1987), 40 Ohio App.3d 7, 530 N.E.2d 1335; see, also, *State v. Meister* (1991), 76 Ohio App.3d 15, 600 N.E.2d 1103. Since matters involving probation are governed by statute, *viz.*, R.C. Chapter 2951, it is manifest that a trial court's authority to modify the terms and conditions of a sentence of probation must be provided for by the legislature.

█ The provisions of R.C. Chapter 2951 that have possible relevance to the trial court's authority in the present case are contained in R.C. 2951.02, 2951.05, 2951.07, and 2951.09. R.C. 2951.02 addresses only the initial imposition of probation and does not discuss subsequent modification of the requirements originally imposed upon a probationer. R.C. 2951.05 provides for the transfer of control and supervision of a defendant on probation, and states that the trial judge maintains jurisdiction over the person of the defendant, but again no authority is given to the trial judge to modify the conditions of probation upon such a transfer. Under R.C. 2951.07, the trial judge may extend the period of probation to a limit of five years; no other modification is authorized. Finally, R.C. 2951.09 authorizes the judge to terminate a probation, or to continue a probation and, arguably, to impose new conditions upon the defendant, but the section applies only in the context of probation revocation proceedings.

In the present case, the trial court dismissed the probation violation charges against Hayes; therefore, there were no probation revocation proceedings pending and R.C. 2951.09 did not authorize the trial court to impose additional conditions of probation. The granting of the motion to transfer probation

---

1. The new conditions imposed by the trial court included, *inter alia*, that "the defendant shall enter the United Labor Agency, an Ohio State certified halfway house, and there remain until successfully discharged, a period of between three and six months dependent on the defendant's compliance and behavior." In addition, Hayes was ordered to serve six to nine months in home incarceration.

supervision was not, pursuant to R.C. 2951.05, a valid fundament for the imposition of additional conditions, especially in light of the fact that the motion had already been granted three times before and was not, therefore, pending at the time of the trial court's order. Accordingly, we conclude that the trial court acted without authority in imposing additional conditions of probation upon Hayes without his knowledge or consent, and we sustain the single assignment of error.

The judgment of the trial court is reversed and the cause is remanded for further proceedings consistent with this decision.

*Judgment reversed*
*and cause remanded.*

DOAN, P.J., and UTZ, J., concur.

GORMAN, J., concurs separately.

GORMAN, Judge, concurring.

I am in agreement, under the facts and circumstances of this case, with the holding that the trial court acted improperly when it imposed additional conditions upon Hayes's probation. I write separately only to emphasize the point that our decision should not be read to impair or prevent action taken by the probation department, in an appropriate case, to add or delete, upon the consent of the probationer, its own reasonable conditions of probation, when the trial court has, in its original order, made compliance with the department's rules and regulations a general condition of the probation.