JOURNAL ENTRY and OPINION
Clarence Johnson, after completing his two-year prison term for attempted rape, filed a delayed appeal from the common pleas court's order of sentence, which failed to advise him about post-release control. On appeal, he challenges the Adult Parole Authority's imposition of post-release control and requests that we vacate this imposition, because the trial court failed to inform him that post-release control would be part of his sentence. After a careful review of Woods v. Telb (2000), 89 Ohio St.3d 504, and subsequent decisions from our court on this issue, we have determined that R.C. 2967.28(B) mandates post-release control as part of the sentence for a felony sex offense and therefore we cannot vacate his post-release control sanctions but must remand this case for resentencing for the limited purpose of proper notification by the court.
The record before us reveals that, on April 8, 1999, a grand jury indicted Clarence Johnson on eight counts of rape, each with a sexually violent predator specification. Thereafter, as part of an agreement with the state, he pled guilty to an amended count of attempted rape with the specification deleted, the state nolled the remaining charges, and the court imposed a sentence of two years which the state and Johnson had agreed upon as part of a plea bargain.
During the combined plea and sentencing hearing, however, the court did not inform Johnson that he would be subject to post-release control, nor did it include post-release control in its sentencing order.
Johnson has since completed his two-year prison term, and he now appeals[1] the imposition of post-release control by the Adult Parole Authority (APA).He raises one assignment of error, which states:
 BECAUSE THE TRIAL COURT FAILED TO ADVISE THE APPELLANT OF THE POSSIBILITY OF POST-RELEASE CONTROL SUPERVISION AT THE TIME OF HIS PLEA ON CR [374843] IN VIOLATION OF R.C. 2943.032, THE ADULT PAROLE AUTHORITY LACKS JURISDICTION TO SUPERVISE MR. JOHNSON PURSUANT TO CR [374843].
Johnson argues that he should not be subject to post-release control because the trial court failed to inform him at his combined plea and sentencing hearing that post-release control would be part of his sentence. The state concedes that based on decisions from our court, Johnson's position has merit, but it argues that because he pleaded to a felony sex offense, Johnson should still be subject to post-release control because it is mandatory for such an offense pursuant to R.C.2967.28.
The new sentencing scheme imposed by SB 2 replaces parole with post-release control. This scheme creates two categories of post-release control sanctions: mandatory and discretionary.
Pursuant to R.C. 2967.28(B), post-release control is mandatory for first degree felonies, second degree felonies, felony sex offenses, and third degree felonies that are not felony sex offenses and in commission of which the offender caused or threatened to cause physical harm to a person. Specifically, post-release control for those convicted of first degree felonies and felony sex offenses shall be a period of five years. R.C. 2967.28(B)(1). Post-release control for those convicted of second degree felonies that are not felony sex offenses and third degree felonies that are not felony sex offenses and in the commission of which the offender caused harm to a person shall be a period of three years. R.C. 2967.28(B)(2) and (3).
Moreover, R.C. 2967.28(C) authorizes post-release control for those imprisoned for other felonies at the discretion of the Parole Board. For post-release control of this variety, R.C. 2967.28(D) sets forth the factors that the APA should consider in determining whether to impose a period of post-release control, including the offender's criminal history and the prisoner's conduct while imprisoned. After considering those factors, the board shall then determine whether a post-release control sanction is necessary and, if so, which post-release control sanction or combination of post-release control sanctions is reasonable under the circumstances. R.C. 2967.28(D).
In addition, R.C. 2929.19(B)(3) requires that a sentencing court shall notify the offender that he will be supervised under R.C. 2967.28 after he leaves prison if he is being sentenced for a felony of the first degree or second degree, for a felony sex offense, or for a felony of the third degree in the commission of which the offender caused or threatened to cause physical harm to a person. R.C. 2929.19(B)(3)(c). For offenders guilty of a felony of the third degree not involving the use of physical harm, and felony of the fourth and fifth degree, the statute requires the court to notify the offender that he may be supervised under R.C. 2967.28
after leaving prison. R.C. 2929.19(B)(3)(d).
In Woods v. Telb, 89 Ohio St.3d 504, 2000-Ohio-171, Woods challenged the constitutionality of discretionary post-release control. There, convicted of a fifth degree felony, after serving his complete prison term, he challenged the three-year post-release control sanction imposed by the APA. He argued that R.C. 2967.28 violated the separation of powers doctrine, because it delegated the powers of imposing post-release control to the APA, and therefore usurped judicial authority.
In its opinion, the Supreme Court of Ohio emphasized that, in contrast to the bad-time statute, post-release control is part of the original judicially imposed sentence. Id. at 512. The court therefore concluded that the APA's discretion in managing post-release control does not impede the function of the judicial branch. It held however that a trial court must inform the offender at sentencing or at the time of plea hearing that post-release control is part of the offender's sentence.
In that case, the record indicated the trial court had advised Woods of discretionary post-release control both in his signed plea form and in his sentencing entry; the court then concluded that the APA's control over Woods's post-release control did not violate the separation of powers doctrine.
Woods leaves unanswered the question as to the proper disposition of a case such as the instant case where a court fails to inform a defendant at plea or sentencing that post-release control would be part of the sentence.
Our court has issued conflicting decisions on this issue. In State v. Williams (Dec. 7, 2000), Cuyahoga App. No. 76816, State v. Dillon (Nov. 30, 2000), Cuyahoga App. No. 77847, and State v. Wright (Sept. 28, 2000), Cuyahoga App. No. 77748, this court concluded that in accordance with Woods, failure to inform the defendant and include the post-release control sanctions in the sentence warrants a remand for resentencing.
Another line of cases from our court, however, has interpreted Woods to dictate a different disposition. In State v. Linen (Dec. 15, 2000), Cuyahoga App. No. 74071, the majority stated that Telb link[s] the propriety of the sentence to the disclosures, and that the necessary corollary is that if the disclosures are not made, the post-release control sanctions do not become part of the sentence. See, also, State v. Murphy, Cuyahoga App. No. 80460, 2002-Ohio-3452; State v. Newman (Jan. 31, 2002), Cuyahoga App. No. 80034; State v. Hart (May 31, 2001), Cuyahoga App. No. 78170; State v. Mickey (April 5, 2001), Cuyahoga App. No. 77889; State v. Hyde (Jan. 11, 2001), Cuyhoga App. No. 77592; State v. Morrissey (Dec. 18, 2000), Cuyahoga App. No. 77179.
Our careful study of Woods indicates that only the constitutionality of the discretionary post-release control is challenged in that case; as the court noted repeatedly throughout its analysis, the constitutionality of mandatory post-release control, i.e., for those convicted of first or second degree felonies, felony sex offense, or certain third degree felonies, was never challenged in that case. Id. at fn. 3, fn. 4, and at 18.
It is then reasonable to interpret Woods to distinguish cases where the APA exercises discretionary control of post-release control on an offender from cases where such sanctions are mandated by the statute: in cases involving APA's exercise of discretionary control, the separation of powers doctrine requires that unless the trial court makes that sanction part of the sentence by informing the defendant, the post-release control does not become part of the sentence.
In contrast, cases involving mandatory post-release control do not implicate the separation of powers doctrine, because in these cases, the APA exercises no discretion over whether an offender is subject to the sanctions; rather, the statute mandates its imposition. Consequently, a court's failure to inform the offender of post-release control sanctions in these cases requires a different disposition: such cases must be remanded for resentencing for the limited purpose of notifying the offender of the mandatory post-release control and including this sanction in its sentencing order.
We are moreover guided by the Ohio Supreme Court's decision in State v. Beasley (1984), 14 Ohio St.3d 74. In that case, despite the statutory requirement for the court to impose a minimum of two years for felonious assault, the court only sentenced Beasley to a fine of $500. Subsequently, the state filed a mandamus action in the court of appeals seeking an order requiring the trial judge to impose the statutorily correct sentence. The court of appeals granted the writ, and, in accordance with it, the trial court resentenced Beasley to the mandated two to 15 year sentence. Beasley appealed alleging double jeopardy. On appeal, the supreme court held that the trial court's correction of its statutorily incorrect sentence did not violate the constitutional guarantee of double jeopardy, because society's interest in enforcing the law, and in meting out the punishment the legislature has deemed just, must be served. Id. at 75. The court cited Colegrove v. Burns (1964),175 Ohio St. 437, 438, where it stated:
 "`* * * Crimes are statutory, as are the penalties therefor, and the only sentence which a trial judge may impose is that provided for by statute * * *. A court has no power to substitute a different sentence for that provided for by law.'
The court in Beasley further reasoned:
 Any attempt by a court to disregard statutory requirements when imposing a sentence renders the attempted sentence a nullity or void. The applicable sentencing statute in this case, R.C. 2929.11, mandates a two to 15 year prison term and an optional fine for felonious assault. The trial court disregarded the statute and imposed only a fine. In doing so the trial court exceeded its authority and this sentence must be considered void. Jeopardy did not attach to the void sentence, and, therefore, the court's imposition of the correct sentence did not constitute double jeopardy. Beasley, 14 Ohio St.3d at 75.
In accordance with Beasley, therefore, where post-release control is mandated by statute, a trial court lacks authority to alter or to eliminate this legislatively imposed sanction. Here, we share the view expressed by the dissenting opinion in State v. Linen, which reasoned that a trial court has two duties here: it is required to inform the defendant of this sanction at the time of the plea or at sentencing, and it is statutorily bound to include mandatory post-release control in its sentence. The Linen dissent concluded that the court's failure to notify and to include post-release control in its sentence pursuant to R.C.2929.19(B) and 2967.28 warrants a reversal and remand for resentencing.[2]
We are cognizant of the well-established rule that once a valid sentence has been executed, a trial court no longer has the power to modify the sentence except as provided by the General Assembly. See State v. Hayes (1993), 86 Ohio App.3d 110, 112, citing State v. Addison (1987), 40 Ohio App.3d 7.
That rule, however, is inapplicable here, where the court did not inform Johnson of mandatory post-release control. When a court fails to perform its statutory duty of disclosing a mandatory punishment and including it as part of its sentence, the original sentence is void in that, the mandatory post-release control has not been properly imposed. Beasley, supra. Furthermore, in such cases, upon remand, the sentencing court is not modifying its sentence, but rather, is correcting a statutorily incorrect sentence.
In accordance with the above analysis, we remand the case for the limited purpose of providing proper notice to Johnson and including mandatory post-release control in the court's sentencing order pursuant to R.C. 2929.19(B)(3) and R.C. 2967.28(B).
Case remanded for further proceedings in accordance with this opinion.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES D. SWEENEY, P.J., CONCURS, ANN DYKE, J., CONCURS IN JUDGMENT ONLY.
[1] Johnson filed his direct appeal on the authority of Justo Pratts v. Ohio Adult Parole Authority (Aug. 30, 2001), Cuyahoga App. No. 79897, where our court has determined that the proper avenue for a defendant placed on post-release control without being informed by the sentencing court is through a direct appeal to our court.
[2] The majority of the cases where this court have discharged the offender of the post-release control sanctions due to the court's failure of notification involved discretionary post-release control. We are aware of only three cases where we discharged the offender of mandatory post-release control, namely, State v. Hyde, supra, State v. Linen, supra, and State v. Mickey, supra. Our decision here is in line with the view held by the dissents in Hyde and Linen.