[Cite as *State v. Castillo*, 2011-Ohio-1821.]

IN THE COURT OF APPEALS OF MONTGOMERY COUNTY, OHIO

STATE OF OHIO                    :

    Plaintiff-Appellant          :     C.A. CASE NO. 24022

vs.                              :     T.C. CASE NO. 08CR2999

JULIO CASTILLO                   :     (Criminal Appeal from
                                       Common Pleas Court)
    Defendant-Appellee           :

. . . . . . . . .

O P I N I O N

Rendered on the 15th day of April, 2011.

. . . . . . . . .

Mathias H. Heck, Jr., Pros. Attorney; Andrew T. French, Asst. Pros. Attorney, Atty. Reg. No.0069384, P.O. Box 972, Dayton, OH  45422
    Attorneys for Plaintiff-Appellant

Dennis Lieberman, 15 W. Fourth Street, Suite 1000, Dayton, OH 45402
    Attorney for Defendant-Appellee

. . . . . . . . .

GRADY, P.J.:

{¶ 1} This appeal is brought by the State pursuant to R.C. 2945.67, by leave of this court, from the trial court's order of April 14, 2010, terminating Defendant's Julio Castillo's, community control sanctions the court had imposed on August 6, 2009, and imposing new, conditional community control sanctions.

{¶ 2} On July 24, 2008, while a member of the Peoria Chiefs minor league baseball team, Defendant was part of a brawl between the Peoria Chiefs players and the Dayton Dragons players during a game at Fifth Third Field in Dayton.   During that brawl, Defendant threw a baseball into the stands that struck a spectator, Chris McCarthy, in the head, causing him serious physical harm.

{¶ 3} Defendant was indicted on two counts of felonious assault: count one, knowingly causing physical harm by means of a deadly weapon, R.C. 2903.11(A)(2), and count two, knowingly causing serious physical harm, R.C. 2903.11(A)(1).   The matter was tried to the court on July 21-23, 2009.   The court found Defendant guilty of count two but not guilty of count one.   The trial court sentenced Defendant to a three year period of community control which included eight specific sanctions:

{¶ 4} "1.   A term three years Basic Supervision with an Interstate Compact Officer.

{¶ 5} "2.   A requirement that the offender pay court costs and a supervision fee of $50.

{¶ 6} "3.   A requirement that the offender obtain and maintain verifiable employment.

{¶ 7} "4.   A requirement that the offender attend Anger Management counseling.

{¶ 8} "5.   A requirement that the offender write a letter of

apology with the assistance of an interpreter and present it to his supervision officer so that it may be forwarded to the victim by the Division of Criminal Justice Services.

{¶ 9} "6. A requirement that the offender comply with the rules and regulations of his receiving jurisdiction.

{¶ 10} "7. A requirement that the offender serve 30 days at the Montgomery County Jail forthwith from final disposition with no jail time credit.

{¶ 11} "8. A requirement that the offender work towards obtaining his GED."

{¶ 12} The judgment of conviction imposing community control sanctions was journalized on August 6, 2009, at 3:58 p.m. One hour later, on Defendant's motion, the trial court stayed execution of its sentence pending Defendant's appeal.

{¶ 13} On September 30, 2009, less than two months after being sentenced to community control sanctions, Defendant filed a motion to terminate his community control. The Chicago Cubs, to which Defendant was under contract, had released Defendant and, as a non-U.S. citizen, Defendant wanted to return to his home country, the Dominican Republic. The State opposed Defendant's motion to terminate his community control, in part, because Defendant had not completed any of his community control sanctions. On December 1, 2009, the trial court overruled Defendant's motion to terminate

his community control, without prejudice.

{¶ 14} Just three and one-half months after the trial court denied his first request, Defendant, on March 17, 2010, filed a second motion to terminate his community control sanctions. Defendant's reasons to terminate his community control were the same as before. The only difference was that Defendant had dismissed his appeal. The State once again objected to terminating Defendant's community control sanctions.

{¶ 15} On April 14, 2010, the trial court granted Defendant's motion to terminate his community control sanctions, on the following conditions: "1) The Defendant shall leave the United States forthwith; 2) the Defendant shall not return to the United States for a minimum of three (3) years; and 3) the Defendant shall pay the court costs of this action as previously ordered."

{¶ 16} The State's request for an emergency stay of the trial court's decision was denied by the trial court. We also denied the State's request to stay the decision of the trial court because there was no appeal pending before us.

{¶ 17} The State filed a motion seeking leave to appeal the trial court's order of April 14, 2010, terminating Defendant's community control sanctions. We granted the State leave to appeal on June 2, 2010.

### FIRST ASSIGNMENT OF ERROR

{¶ 18} "BECAUSE CASTILLO HAD NOT COMPLETED ANY OF HIS SANCTIONS, THE TRIAL COURT LACKED THE STATUTORY AUTHORITY TO TERMINATE HIS COMMUNITY CONTROL."

{¶ 19} The State argues that the trial court lacked authority to terminate Defendant's community control sanctions and committed an error of law in doing so.  In support of that claim the State points out that once a valid sentence has been executed, a trial court no longer has the power to modify that sentence except as provided by law.  *State v. Hayes* (1993), 86 Ohio App.3d 110.

{¶ 20} The State argues that the trial court's authority to reduce or terminate community control sanctions is set forth in R.C. 2929.15(C), and is there limited to where the offender, "for a significant period of time, fulfills the conditions of a sanction in an exemplary manner."  According to the State, Defendant did not fulfill even one of the community control sanctions imposed upon him by the trial court because,  within an hour after the sentencing hearing, the trial court stayed execution of Defendant's sentence pending his appeal, and that stay was never lifted. Therefore, the trial court's termination of  Defendant's community control sanctions constitutes a violation of R.C. 2929.15(C).

{¶ 21} Defendant responds that the State's citation of authority for the proposition that a sentence can't be modified by the trial court once it is executed is inapposite, because

Defendant's sentence was never executed, but rather was stayed. Defendant further claims that the State's interpretation of R.C. 2929.15(C) is not supported by case law, and that R.C. 2929.15(C) doesn't limit the court in modifying or terminating community control sanctions for other reasons. We do not agree.

{¶ 22} "Criminal procedure in Ohio is regulated entirely by statute. The state has thus created its system of criminal law covering questions of crime and penalties and has provided its own definitions and procedures. *Municipal Ct. Of Toledo v. State, ex rel. Platter* (1933), 126 Ohio St.103, 184 N.E. 1, paragraph one of the syllabus. Therefore, it is necessary to apply Ohio statutory law to the issue of modification of sentences." *State v. Addison* (1987), 40 Ohio App.3d 7, 7.

{¶ 23} R.C. 2929.51(A) formerly provided that, at or after the time of sentencing for a felony up to the time the defendant is delivered to the institution where he is to serve his sentence, the court may suspend the sentence and place the defendant on probation pursuant to R.C. 2951.02. R.C. 2929.51(A) was repealed effective January 1, 1974 (149 v. H490, §2). Probation was eliminated as an option and was replaced by community control pursuant to S.B.2, effective in 1996.

{¶ 24} While R.C. 2929.51(A) was in effect, and consistent with its provisions, it was held that "when the full sentence of a

defendant involved imprisonment, the execution of the sentence is commenced when the defendant is delivered from the temporary detention facility of the judicial branch to the penal facility of the executive branch." *State v. Addison* (1987), 40 Ohio App.3d 7, 9; citing *United States v. Benz* (1931), 282 U.S. 304, 51 S.Ct. 113, 75 L.Ed. 354. Therefore, until that execution commenced, the court could suspend the sentence it imposed and impose a more severe sentence "without violating the multiple-sentence protections of the Double Jeopardy Clause. The reason is that, before its execution, a sentence lacks the constitutional finality of a verdict of acquittal." *State v. Meister* (1991), 76 Ohio App.3d 15, 16; citing *United States v. DiFrancesco* (1980), 449 U.S. 117, 101 S.Ct. 426, 66 L.Ed.2d 328. Nevertheless, "[h]aving once journalized the sentence, the court is limited in its discretion to suspend execution of a criminal sentence to those instances in which statutory authority exists." *Id.*, at 16.

{¶ 25} The trial court's order of April 14, 2010, from which this appeal was taken by the State, terminated the community control sanctions the court had imposed on August 6, 2009, conditioned on Defendant's performance of new and less restrictive sanctions. Having journalized its August 6, 2009 judgment of conviction, the court was limited to the relief made available by R.C. 2929.15(C) with respect to both termination of the community control sanctions

therein imposed and imposition of any less restrictive sanction the court might impose.

{¶ 26} On this record, because the court had promptly stayed execution of its August 6, 2009 judgment, Defendant Castillo could not have satisfied the prerequisites of R.C. 2929.15(C) regarding the termination of the sanctions the August 6, 2009 judgment imposed: that a defendant "for a significant period of time, fulfills the sanctions in an exemplary manner."  Neither did the trial court find that Castillo had satisfied those prerequisites.  Therefore, the trial court erred when it terminated those sanctions in its order of April 14, 2010.

{¶ 27} The first assignment of error is sustained.

SECOND ASSIGNMENT OF ERROR

{¶ 28} "THE TRIAL COURT'S ORDER TERMINATING CASTILLO'S COMMUNITY CONTROL, WHILE AT THE SAME TIME IMPOSING ADDITIONAL SANCTIONS UPON HIM IS UNENFORCEABLE AND VIOLATES THE LAW."

{¶ 29} The error assigned is rendered moot by our decision sustaining the first assignment of error, and we therefore exercise the discretion conferred on us by App.R. 12(A)91)(c) and decline to decide the error assigned.

## Conclusion

{¶ 30} Having sustained the first assignment of error, we will reverse and vacate the final order of April 14, 2010, from which

this appeal was taken. In consequence of that relief, the prior final order of August 6, 2009 is reinstated, as are the community control sanctions therein imposed.

FAIN, J. And RINGLAND, J., concur.

(Hon. Robert P. Ringland, Twelfth District Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.)

Copies mailed to:

Andrew T. French, Esq.
Dennis S. Lieberman, Esq.
Hon. Connie S. Price