[Cite as *State v. Morrison*, 2013-Ohio-2182.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT


STATE OF OHIO

     Plaintiff-Appellee

-vs-

JAMES MORRISON

     Defendant-Appellant

JUDGES:
Hon. John W. Wise, P. J.
Hon. Patricia A. Delaney, J.
Hon. Craig R. Baldwin, J.

Case No. 12 CAA 08 0053

O P I N I O N


CHARACTER OF PROCEEDING:     Criminal Appeal from the Court of Common Pleas, Case No. 11 CR I 06 0302


JUDGMENT:     Affirmed


DATE OF JUDGMENT ENTRY:     May 24, 2013


APPEARANCES:

For Plaintiff-Appellee

CAROL HAMILTON O'BRIEN
PROSECUTING ATTORNEY
DOUGLAS DUMOLT
ASSISTANT PROSECUTOR
140 North Sandusky Street
Delaware, Ohio 43015

For Defendant-Appellant

BRIAN G. JONES
THE LAW OFFICE OF BRIAN JONES
S. Highway 23 North
Delaware, Ohio 43015

*Wise, P. J.*

**{¶1}** Defendant-Appellant James F. Morrison appeals his sentence entered in the Delaware County Common Pleas Court following an Alford plea.

**{¶2}** Plaintiff-Appellee is the State of Ohio.

## STATEMENT OF THE FACTS AND CASE

**{¶3}** On June 3, 2010, the Delaware County Grand Jury returned a thirty-six count indictment against Appellant James F. Morrison. Appellant was charged with six counts of Pandering Sexually Oriented Material Involving a Minor, in violation of R.C. §2907.322(A)(1), for creating and reproducing images of child rape on his computer by downloading them through the Limewire file sharing network; nineteen counts of Illegal Use of a Minor in Nudity Orientated Material, in violation of R.C. §2907.323(A)(3), for creating and reproducing lewd images of children in a state of nudity on his computer by downloading them through the Limewire file sharing network; eight counts of Attempted Pandering Sexually Oriented Material Involving a Minor, in violation of R.C. §2907.322(A)(1), for attempting to create and reproduce images of child rape on his computer though the Limewire file sharing network; one count of Identity Fraud and Falsification, in violation of R.C. §2913.49(B)(2) and §2921.13(A)(3), for providing a false name and social security number to law enforcement during the execution of the search warrant of his residence; and one count of Illegal Use of a Minor in Nudity Oriented Material, in violation of R.C. §2907.323(A)(2), for taking a lewd photograph of his underage daughter in a state of nudity.

**{¶4}** On May 7, 2012, pursuant to a plea agreement, Appellant entered an *Alford* plea *(North Carolina v. Alford,* 400 U.S. 25 (1970)) to only four counts of

Attempted Pandering Sexually Oriented Matter Involving a Minor, a third-degree felony, and the remaining counts were dismissed. (See May 8, 2012, Plea Agreement and May 15, 2012, Judgment Entry on Guilty Pleas).

**{¶5}** In its May 15, 2012, Judgment Entry on Guilty Pleas, the trial court stated:

**{¶6}** "Based on the facts of this case, the Defendant was advised that he had a choice of going to trial and, if convicted, receiving sentences totaling over One Hundred (100) years or, if he accepted the plea offer from the State of Ohio he could receive not more than Twelve (12) years in prison.  The Court then ascertained that the Defendant understood the same and with such understanding still wished to enter pleas of Guilty, as contemplated by *North Carolina v. Alford*, *supra*, to the crimes of Attempted Pandering Sexually Oriented Matter Involving a Minor, as set forth in Counts Twenty-Six, Twenty-Seven, Twenty-Eight, and Twenty-Nine of the Indictment." (5/15/12 J.E. at 4).

**{¶7}** At the beginning of the sentencing hearing on July 27, 2012, the trial court first heard arguments on the issue of merger.  In support of his argument that some or all of the offenses to which he pled guilty must merge, Appellant presented the testimony of computer forensic expert C. Matthew Curtin.[1]

**{¶8}** Mr. Curtin offered extensive background information on peer-to peer-file sharing and computer data storage.  During his testimony, Mr. Curtin explained that when someone uses the Limewire program, they are presented with a search box. The user then types a search term in the box and the Limewire program searches the files of other users for these search term or terms. (T. at 25). Any files with names containing

---

[1] Mr. Curtin had also filed an Affidavit with the court.

those search terms then appear in a list. (T. at 26). The user may then select files from the list either by selecting individual files or selecting a range of files. *Id.* The user is then able to click the download button to begin the download process. (T. at 27).

{¶9}     Files can be downloaded through the Limewire software by three different methods:  (1) a user can highlight a single file listed in the search results and then press the download one time, thereby creating a single file, in a distinct location, on the hard drive; (2) a user can hold down the control key on the keyboard and then use the mouse to select any number of individual files in the search results; the user would then press the download button once and multiple files would be created on the hard drive in separate and distinct locations; or (3) a user can hold down the shift key on the keyboard to select two separate files on the search results list, thereby selecting any files on the list appearing between the two selected files; the user would then press the download button once and multiple files would be created on the hard drive in separate and distinct locations. (T. at 43-44, 46-47).

{¶10} Curtin went on to explain that when the download button is depressed, an "empty" file is created on the computer, which is analogous to a hanging paper file folder into which papers can later be placed. (T. at 17).

{¶11} At that point, the files would go into a "holding pattern" while Limewire looked for available "download slots" or intervals when it was possible to transfer a file between the computers. Limewire would then transfer a file each time a new download slot came open until all the selected files were transferred. (T. at 11-15, 21-22, 44-48, 60-61, 63-64).

**{¶12}** Mr. Curtin reviewed the computer data and came to three conclusions: First, a Limewire user cannot know the content of a file until it is actually downloaded because Limewire did not have a preview function for photos. Second, the files Mr. Morrison attempted to download were actually empty on his computer, meaning that they were merely placeholder files and the download was never completed. (T. at 10-12, 16-18). Third, he concluded that the forensic evidence was consistent with a single download: Appellant could have downloaded all four files with a single act of clicking the download button once. *Id.*

**{¶13}** In this case, each "empty" file was given a separate name and stored at a separate physical location on Appellant's hard drive. (T. at 31-32). Each of these files was individually identified in the Indictment and Bill of Particulars furnished to Appellant. These "placeholder files", which would ultimately become images of child pornography when the transfer of data was complete, also have separate and distinct creation times. (T. at 30-31).

**{¶14}** Curtin then testified that while the forensic evidence in this case is consistent with a "single act" of downloading (selecting multiple files and then pressing the download button once), it is also consistent with multiple acts of downloading (selecting individual files and pressing the download button multiple times). (T. at 36). Curtin explained, however, that prior to a user being able to download multiple files with a single click of the Limewire download button, separate actions and decisions on the part of the user are required. (T. at 45).

**{¶15}** Curtin further explained that while it was possible in Limewire to separately download each file by selecting a file, clicking download, selecting another

file, clicking download, etc., the user would need sufficient time between each download. In that regard, the evidence showed that the files were downloaded at 1:06:28 a.m., 1:24:42 a.m., 1:25:27 a.m., and 1:25:28 a.m., respectively. Thus, Appellant only had 45 seconds between the second and third files, and merely one second between the third and fourth files, making separate downloads highly unlikely. (T. at 36-39, 63, 68-72).

{¶16} Curtin explained that there was nothing in the Limewire data which would allow him to know which one of the three methods were used in any given case; forensically, it is an unknowable fact. (T. at 47-48).

{¶17} While it cannot be forensically determined how an individual used Limewire to download files in any case, Curtin testified that where the download of multiple files is initiated with a single mouse-click of the download button, the user would have had to have previously decided to download multiple items at one time. (T. at 44).

{¶18} Curtin further testified that even in the case where the download button is depressed a single time, it takes multiple, affirmative acts on the part of the user to select multiple files to be downloaded.  (T. at 44).  Curtin then repeated that, in addition to requiring multiple affirmative acts to download multiple files, it also requires a conscious choice to select multiple files from the search list - as opposed to a single file. (T. at 45).

{¶19} Assisting the State in offering a visual demonstration of these concepts to the trial court, Curtin explained that the method of selecting multiple files through the Limewire software is analogous to selecting files though the Windows Explorer interface (the software in Windows that lets you browse through "My Documents" and other

locations on a computer). (T. at 45-48).   An overhead projector was used to demonstrate each of the possible methods of downloading files. Curtin showed the trial court how multiple acts are required to select multiple files. (T. at 46).

{¶20} After listening to the testimony of Mr. Curtin, and considering the arguments of counsel, the trial court concluded that each count was the product of a separate act, and occurred with a separate animus. (T. at 91). The trial court then heard statements from counsel, one victim's mother, and Appellant.

{¶21}  The trial court sentenced Appellant to thirty (30) months in prison on each count to run consecutively for a total of ten (10) years.[2] (T. at 116).

{¶22}  Appellant now appeals, assigning the following error for review:

### ASSIGNMENT OF ERROR

{¶23} "I. THE TRIAL COURT VIOLATED THE DOUBLE JEOPARDY CLAUSE OF THE FIFTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I SECTION 10 OF THE OHIO CONSTITUTION WHEN IT FAILED TO MERGE THE CONVICTIONS IN COUNTS 26, 27, 28 AND 29."

I.

{¶24}  In his sole Assignment of Error, Appellant claims that the trial court erred in failing to merge the counts of Attempted Pandering Sexually Oriented Matter Involving a Minor. We disagree.

{¶25}  In the case *sub judice*, Appellant argues that he committed only one criminal act with only one animus in this case and therefore the four counts of Attempted

---

[2] Appellant was also designated a Tier II sex offender for purposes of registration and notification under R.C. Chapter 2950

Pandering Sexually Oriented Matter Involving a Minor should have merged for purposes of sentencing.

{¶26} The defendant bears the burden of proving an entitlement to merger at sentencing pursuant to R.C. §2941.25. *State v. Mughni,* 33 Ohio St.3d 65, 67, 514 N.E.2d 870 (1987). The conditions required for merger are set forth in R.C. §2941.25(A):

{¶27} "Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one."

{¶28} Thus, a defendant cannot establish an entitlement to merger without demonstrating that the offenses result from the "same conduct" and share a "similar import." *See State v. Cooper,* 104 Ohio St.3d 293, 2004-Ohio-6553, quoting *State v. Logan,* 60 Ohio St.2d 126, 128 ( " ' *In addition* to the requirement of *similar import* * * *, the defendant, in order to obtain the protection of R.C. 2941.25(A), must show that the prosecution has relied upon the *same conduct* to support both offenses charged' ").

{¶29} R.C. §2941.25(B) restates these requirements in the negative by prohibiting merger where the offenses are of "dissimilar import" or were "committed separately," but also identifies a third bar to merger where the offenses were committed with a "separate animus as to each."

{¶30} In *State v. Johnson,* 128 Ohio St.3d 153, 2010-Ohio-6314, the Supreme Court of Ohio unanimously abandoned the standard for determining the "similar import" of offenses articulated in *State v. Rance,* 85 Ohio St.3d 632 and further clarified the proper interpretation of R.C. §2941.25.

**{¶31}** In *Johnson*, the Supreme Court held that under Ohio's allied offense statute the proper analysis involves two questions: first, whether it is possible to commit one offense and commit the other with the same conduct, and if so, whether the two offenses were actually committed with the same conduct. *Id.* If the answer to both questions is yes, then the offenses are allied offenses of similar import and will be merged. *Id.*

**{¶32}** In determining whether offenses are allied offenses of similar import under R.C. §2941.25(A), the question is whether it is possible to commit one offense and commit the other with the same conduct, not whether it is possible to commit one without committing the other. *[State v.] Blankenship*, 38 Ohio St.3d [116,] 119, 526 N.E.2d 816 (Whiteside, J., concurring) ("It is not necessary that both crimes are always committed by the same conduct but, rather, it is sufficient if both offenses can be committed by the same conduct. It is a matter of possibility if the offenses correspond to such a degree that the conduct of the defendant constituting commission of one offense constitutes commission of the other, then the offenses are of similar import, rather than certainty, that the same conduct will constitute commission of both offenses."

**{¶33}** If the multiple offenses can be committed by the same conduct, then the court must determine whether the offenses were committed by the same conduct, i.e., "a single act, committed with a single state of mind." *[State v.] Brown*, 119 Ohio St.3d 447, 2008-Ohio-4569, 895 N.E.2d 149, at ¶ 50 (Lanzinger, J., dissenting).

**{¶34}** If the answer to both questions is yes, then the offenses are allied offenses of similar import and will be merged. Conversely, if the court determines that the commission of one offense will never result in the commission of the other, or if the

offenses are committed separately, or if the defendant has separate animus for each offense, then, according to R .C. §2941.25(B), the offenses will not merge. *See State v. Burrell*, 2011-Ohio-2091.

**{¶35}** In the case *sub judice*, in finding against merger, the trial court found that Appellant made four separate attempts to download four separate images and that each image was a new and distinct crime. (July 31, 2012, Judgment Entry).

**{¶36}** Upon review, we find that trial court was correct in finding that counts herein should not be merged.

**{¶37}** As stated by the court in *State v. Brewster,* Hamilton App. Nos. C–30024 and C–30025, 2004–Ohio–2993, "[m]ultiple violations of the same statute are not allied offenses of similar import, and a defendant may be sentenced for each violation."

**{¶38}** The files containing the images in this case were separate and distinct. They were displayed with separate names and stored in separate locations.  To the extent that the multiple images depicted different victims, courts have held that the charges do not merge. *State v. Collier,* 8th Dist. No. 95572, 2011-Ohio-2791; *State v. Barrett* (2012), 974 N.E.2d 185, 187-188.

**{¶39}** Even if they did constitute allied offenses of similar import, which they clearly are not, Appellant's argument would still fail. A "[d]efendant who enters [a] guilty plea to two distinct offenses waives argument that [the] offenses are, in reality, allied offenses of similar import." *State v. Fortner,* Franklin App. No. 08AP–191, 2008-Ohio-5067, citing *State v. Hooper,* Columbiana App. No. 03CO30, 2005-Ohio-7084. "[A] defendant waives his right to challenge any defects in an indictment by pleading guilty." *Fortner* at ¶ 8. *See, also*, *State v. Kent* (1980), 68 Ohio App.2d 151.

{¶40} Further, Appellant has failed to offer anything in the record to rebut a finding that the images were separate and distinct, so he has failed to exemplify his claimed error. See App.R. 16(A)(7)

{¶41} Based on the foregoing, we find that the trial court did not err in sentencing Appellant on all four counts of Attempted Pandering Sexually Oriented Matter Involving a Minor.

{¶42} Appellant's sole Assignment of Error is overruled.

{¶43} For the foregoing reasons, the judgment of the Court of Common Pleas, Delaware County, Ohio, is affirmed.

By: Wise, P. J.

Delaney, J., and

Baldwin, J., concur.

_____

_____

_____

JUDGES

JWW/d 0502

IN THE COURT OF APPEALS FOR DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

STATE OF OHIO                         :
                                      :
    Plaintiff-Appellee               :
                                      :
-vs-                                  :        JUDGMENT ENTRY
                                      :
JAMES MORRISON                        :
                                      :
    Defendant-Appellant              :        Case No. 12 CAA 08 0053

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Delaware County, Ohio, is affirmed.

Costs assessed to Appellant.

_____

_____

_____

JUDGES