[Cite as *State v. Morrison*, 2016-Ohio-1271.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES: |
| | Hon. William B. Hoffman, P. J. |
| Plaintiff-Appellee | Hon. John W. Wise, J. |
| | Hon. Craig R. Baldwin, J. |
| -vs- | |
| | Case No. 15 CAA 07 0059 |
| JAMES F. MORRISON | |
| | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:     Criminal Appeal from the Court of Common
                             Pleas, Case No.  11 CRI 06 0302


JUDGMENT:                    Affirmed


DATE OF JUDGMENT ENTRY:      March 24, 2016


APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

CAROL HAMILTON O'BRIEN                    JAMES F. MORRISON
PROSECUTING ATTORNEY                      PRO SE
DOUGLAS N. DUMOLT                         RICHLAND CORR. INSTITUTION
ASSISTANT PROSECUTOR                      1001 Olivesburg Road
140 North Sandusky Street, 3rd Floor      Post Office Box 8107
Delaware, Ohio  43015                     Mansfield, Ohio  44901

*Wise, J.*

{¶1}   Appellant James F. Morrison appeals the denial of his motion for felony resentencing in the Court of Common Pleas, Delaware County. Appellee is the State of Ohio. The relevant facts leading to this appeal are as follows:

{¶2}   On June 3, 2010, the Delaware County Grand Jury returned a multiple-count indictment against Appellant Morrison, charging him with six counts of pandering sexually oriented material involving a minor, R.C. 2907.322(A)(1); nineteen counts of illegal use of a minor in nudity oriented material, R.C. 2907.323(A)(3); eight counts of attempted pandering sexually oriented material involving a minor, R.C. 2907.322(A)(1); one count of identity fraud and falsification, R.C. 2913.49(B)(2) and 2921.13(A)(3); and one count of illegal use of a minor in nudity oriented material, R.C. 2907.323(A)(2).

{¶3}   On May 7, 2012, pursuant to a plea agreement, appellant entered an *Alford* plea to four counts of attempted pandering sexually oriented material involving a minor, each a third-degree felony. The remaining counts were dismissed. The trial court thereafter sentenced appellant to thirty months in prison on each count to run consecutively, for a total prison term of ten years. Appellant was also designated a Tier II sex offender.

{¶4}   Appellant thereafter appealed to this Court, contending the trial court had erred in failing to merge the counts of attempted pandering sexually oriented material involving a minor. We disagreed with appellant's position and affirmed the trial court's decision via an opinion issued on May 24, 2013. *See State v. Morrison*, 5th Dist. Delaware No. 12 CAA 08 0053, 2013-Ohio-2182. The Ohio Supreme Court did not thereafter accept any appeals.

{¶5} On July 25, 2013, appellant filed a *pro se* motion to reopen his appeal, which this Court denied on August 27, 2013.

{¶6} On July 1, 2015, appellant filed a collateral motion for resentencing with the trial court. Appellant therein argued that the trial court had failed to consider the issue of proportionality of sentencing and the purposes and principles of felony sentencing. The State filed a memoranda contra on July 2, 2015, and the trial court on the same day denied appellant's motion for resentencing.[1]

{¶7} Appellant filed a notice of appeal on July 24, 2015. He herein raises the following two Assignments of Error:

{¶8} "I. THE TRIAL COURT ERRED BY FAILING TO RECOGNIZE THE ABUSE OF DISCRETION EVIDENT BY THE GROSS DISPROPORTIONATE SENTENCE APPELLANT RECEIVED.

{¶9} "II. THE TRIAL COURT ERRED BY FAILING TO RECOGNIZE IT'S [SIC] OWN BLATANT DISREGARD TO PROVIDE EVIDENCE TO SUPPORT THE IMPOSED SENTENCE WHEN IT FAILED TO BE GUIDED BY THE OVERRIDING PURPOSES OF FELONY SENTENCING."

I., II.

{¶10} In his First Assignment of Error, appellant contends the trial court erred in failing to impose a sentence consistent with sentences imposed for similar crimes by similar offenders. In his Second Assignment of Error, appellant argues the trial court erred in failing to consider the overriding purposes of felony sentencing.

---

[1] Appellant fails to include or attach with his brief a copy of the judgment entry under appeal. *See* Loc.App.R. 9(A). We have nonetheless reviewed the original trial court judgment entry in the record.

{¶11} We reiterate that appellant filed his motion for resentencing in the trial court more than two years after this Court issued its decision upon his unsuccessful direct appeal. The Ohio Supreme Court has clearly indicated that trial courts lack authority to reconsider their own valid final judgments in criminal cases. *State ex rel. White v. Junkin,* 80 Ohio St.3d 335, 338, 686 N.E.2d 267, 1997–Ohio–340. Similarly, as a general rule, once a valid sentence has been executed, a trial court no longer has the power to modify the sentence except as provided by the Ohio General Assembly. *See State v. Hayes* (1993), 86 Ohio App.3d 110.

{¶12} There are two main exceptions to this general rule. *See State v. Marshall*, 5th Dist. Richland No. 14 CA 37, 2015-Ohio-1986, ¶ 26. The first is the void sentence doctrine. *See State ex rel. Cruzado,* 111 Ohio St.3d 353, 2006–Ohio–5795, 856 N.E.2d 263, ¶ 19. The Ohio Supreme Court has thus recognized: " * * * [I]n the normal course, sentencing errors are not jurisdictional and do not render a judgment void. * * * But in the modern era, Ohio law has consistently recognized a narrow, and imperative, exception to that general rule: a sentence that is not in accordance with statutorily mandated terms is void." *State v. Fischer,* 128 Ohio St.3d 92, 94, 2010–Ohio–6238, ¶ 7–¶ 8. However, the rule of *Fischer* was originally limited to "a discrete vein of cases: those in which a court does not properly impose a statutorily mandated period of postrelease control." *See Fischer* at ¶ 31.

{¶13} The other main exception to the general rule is that a trial court has jurisdiction to correct clerical errors in its judgments. *See State ex rel. Cruzado, supra,* ¶ 19, citing Crim.R. 36. A *nunc pro tunc* order can be used to supply information which

existed but was not recorded, and to correct typographical or clerical errors. *See Jacks v. Adamson* (1897), 56 Ohio St. 397, 47 N.E. 48.

**{¶14}** Neither exception applies in this instance. Thus, under the circumstances of the case *sub judice,* we hold appellant's motion for resentencing based on claims of disproportionality and the overriding purposes of sentencing was properly rejected by the trial court as outside the void sentence exception and thus not under said court's jurisdiction.

**{¶15}** Appellant's First and Second Assignments of Error are therefore overruled.

**{¶16}** For the reasons stated in the foregoing opinion, the decision of the Court of Common Pleas, Delaware County, is hereby affirmed.

By: Wise, J.

Baldwin, J., concurs.

Hoffman, P. J., concurs separately.


JWW/d 0222

*Hoffman, P.J., concurring*

{¶17} I agree with the majority's conclusion Appellant's claims of disproportionality and improper application of the overriding purposes of sentencing are outside the void sentence exception.

{¶18} Having so concluded, I find Appellant's two assignments of error are barred by application of res judicata.