[Cite as *State v. Hawk*, 2020-Ohio-4385.]

COURT OF APPEALS
KNOX COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | |
| DANIEL L. HAWK | : | Case No. 20-CA-11 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:        Appeal from the Court of Common
                               Pleas, Case No. 19CR09-0281

JUDGMENT:                      Reversed; Sentence Vacated
                               Remanded

DATE OF JUDGMENT:              September 9, 2020

APPEARANCES:

For Plaintiff-Appellee                 For Defendant-Appellant

CHARLES T. MCCONVILLE                  TODD W. BARSTOW
117 E. High Street                     261 West Johnstown Road
Suite 234                              Suite 204
Mount Vernon, OH  43050                Columbus, OH 43230

*Wise, Earle, J.*

{¶ 1}   Defendant-Appellant Daniel Hawk appeals the April 28, 2020 judgment of the Knox County Court of Common Pleas which found Appellant had violated his community control, revoked the same, and imposed his previously suspended sentence. Plaintiff-Appellee is the State of Ohio.

Facts and Procedural History

{¶ 2}   On March 26, 2020, Appellant entered pleas of guilty to one count of aggravated possession of drugs, a felony of the fifth degree, and one count of operating a vehicle under the Influence of alcohol, a misdemeanor of the first degree. The trial court sentenced Appellant to community control sanctions pursuant to R.C. 2929.15 for count one, and pursuant to R.C. 2929.25 for count two.

{¶ 3}   In its sentencing judgment entry filed March 31, 2020, the trial court listed Appellant's community control sanctions. Relevant here, the trial court ordered Appellant to serve 34 days in the Knox County Jail, submit to an outpatient drug and alcohol assessment, and comply with any recommended treatment plan. Appellant was further advised that failure to comply with the terms of his community control sanctions could result in a more restrictive sentence including a prison term of 11 months on count one and a prison term of 5 months on count two.

{¶ 4}   On April 17, 2020 the trial court, on its own motion, suspend Appellant's jail sentence and to ordered him to enter Riverside Recovery Services inpatient treatment program in Southpoint Ohio as a new condition of his community control sanctions. Appellant refused to do so.

{¶ 5}   On April 22, 2020, Appellant appeared before the trial court for a community control violation hearing. Counsel for Appellant did not object to the trial court's addition of a new condition of Appellant's community control at any point during the hearing. Appellant admitted he failed to enter inpatient treatment. Appellant believed entry to Riverside Recovery inpatient was a condition of release from the balance of his jail time, and knowing his community control sanctions included outpatient, rather than inpatient drug and alcohol treatment, appellant elected to remain in jail rather than to leave Knox County and his family during the COVID-19 pandemic. At the conclusion of the hearing, the trial court revoked Appellant's community control, imposed the previously suspended sentences, and ordered Appellant to serve the sentences concurrently.

{¶ 6}   Appellant filed an appeal and the matter is now before this court for consideration. He raises four assignments of error as follow:

I

{¶ 7}   "THE TRIAL COURT WAS WITHOUT AUTHORITY TO IMPOSE ADDITIONAL COMMUNITY CONTROL SANCTIONS WHERE THERE WAS NO ALLEGATION THAT APPELLANT HAD VIOLATED THE COMMUNITY CONTROL CONDITIONS SET FORTH AT SENTENCING."

II

{¶ 8}   "THE EVIDENCE WAS INSUFFICIENT TO SUSTAIN A FINDING THAT APPELLANT HAD THE REQUISITE NOTICE TO VIOLATE THE CONDITIONS OF HIS PROBATION."

III

{¶ 9}   "THE TRIAL COURT HAD NO AUTHORITY TO SENTENCE APPELLANT TO ELEVEN MONTHS ON COUNT ONE BECAUSE APPELLANT'S REFUSAL, IF IT CONSTITUTED A VIOLATION OF THE TERMS OF HIS PROBATION, WAS A TECHNICAL VIOLATION."

IV

{¶ 10} "APPELLANT RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL AT HIS REVOCATION HEARING DATED APRIL 29, 2020."

I

{¶ 11} In his first assignment of error, Appellant argues the trial court was without authority to impose new community control sanctions when there was no allegation that Appellant had violated any condition of his community control. We agree and the state concedes.

{¶ 12} As an initial matter, appellant did not lodge an objection to the error he currently raises and has therefore waived all but plain error. An error not raised in the trial court must be plain error for an appellate court to reverse.  *State v. Long*, 53 Ohio St.2d 91, 372 N.E.2d 804 (1978) at paragraph one of the syllabus; Crim.R. 52(B). In order to prevail under a plain error analysis, appellant bears the burden of demonstrating that the outcome of the trial clearly would have been different but for the error. *Id.* at paragraph two of the syllabus.  Notice of plain error "is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice."  *Id.* at paragraph three of the syllabus.

{¶ 13} Next, double jeopardy restrictions prevent a trial court from modifying a sentence after execution of the sentence has commenced. *State v. Hooks*, 128 Ohio

App.3d 750, 716 N.E.2d 778 (1998). A trial court's authority to modify the terms of community control was addressed in *State v. Hayes*, 86 Ohio App.3d 110, 619 N.E.2d 1188 (1st Dist.1993). The court held "It is well established in law that once a valid sentence has been executed, a trial court no longer has the power to modify the sentence except as provided by the General Assembly." *Id.* 112.

{¶ 14} Applicable here, R.C. 2929.15(B)(1) permits a trial court to impose additional sanctions on an offender sentenced to community control only when a term of community control is violated, the offender has a new violation of law, or the offender leaves the state without permission from a probation officer.

{¶ 15} In the present case, none of these things happened before the trial court imposed an additional community control sanction requiring Appellant to submit to inpatient treatment. Accordingly, we conclude plain error occurred when the trial court acted without authority in imposing additional conditions of community control upon Appellant.

{¶ 16} The first assignment of error is sustained.

II, III, IV

{¶ 17} Given our resolution the first assignment of error, we find assignments of error two, three and four moot.

Knox County, Case No. 20-CA-11

{¶ 18} The April 28, 2020 judgment of the Knox County Court of Common Pleas is reversed and the sentence therein is vacated, and this matter is remanded for further proceedings consistent with this opinion and the law.

By Wise, Earle, J.

Hoffman, P.J. and

Wise, John, J. concur.

EEW/rw