[Cite as *State v. Guadagno*, 2024-Ohio-5235.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Appellant | : | C.A. No. 30093 |
| | : | |
| v. | : | Trial Court Case No. 2023 CR 02875/3 |
| | : | |
| MICHAEL AIDEN GUADAGNO | : | (Criminal Appeal from Common Pleas |
| | : | Court) |
| Appellee | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on November 1, 2024

. . . . . . . . . . .

MATHIAS H. HECK, JR., by ANDREW T. FRENCH, Attorney for Appellant

J. DAVID TURNER, Attorney for Appellee

. . . . . . . . . . . .

HUFFMAN, J.

{¶ 1} The State of Ohio appeals from a judgment of the Montgomery County Court of Common Pleas, which terminated Defendant-Appellee Michael A. Guadagno's community control. For the reasons outlined below, we reverse the judgment of the trial

court and remand for reimposition of the original community control sanctions.

{¶ 2} On October 2, 2023, Guadagno was indicted on charges of improperly discharging a firearm at or into a habitation in violation of R.C. 2923.161(A)(1); discharging of a firearm on or near prohibited premises in violation of R.C. 2923.162(A)(3)/(C)(2); and improper handling of a firearm in a motor vehicle in violation of R.C. 2923.16(B). The charges arose from an incident in which Guadagno and several co-defendants drove past a house in Moraine and opened fire from their vehicle on a group of people standing outside.

{¶ 3} As part of a plea agreement, Guadagno pleaded guilty to one count of improperly discharging a firearm at or into a habitation and one count of discharging of a firearm on or near prohibited premises. The count of improper handling of a firearm in a motor vehicle was dismissed.   The parties also agreed to a prison term of not more than six years.

{¶ 4} On February 14, 2024, the trial court sentenced Guadagno to community control. Guadagno's community control sanctions included a term of intensive probation supervision for a period not to exceed five years, a substance abuse assessment and random drug tests, and a requirement that Guadagno obtain employment and provide the court with employment verification. The trial court scheduled the matter for a "review hearing" on March 26, 2024.

{¶ 5} However, on March 8, 2024, before the scheduled review hearing, the trial court terminated Guadagno's community control sanctions by entry, finding that, although he had not met all of the conditions of community control, an extension of the community

control period would serve no further benefit.

{¶ 6} The State of Ohio appealed the trial court's entry terminating Guadagno's community control. Guadagno filed a notice of conceded error, stipulating and acknowledging that the trial court had erred when it terminated his community control sanctions.

{¶ 7} The State asserts the following sole assignment of error:

Because no evidence was offered to show that Guadagno, who had been on community control for less than one month, had fulfilled the conditions of his sanctions for a significant period of time and in an exemplary manner, the trial court lacked the statutory authority to terminate Guadagno's community control.

{¶ 8} The State contends that the trial court erred by granting Guadagno an incomplete termination of his community control, specifically asserting that Guadagno had been on community control for less than one month and that no evidence was offered to show that he had completed any of his community control sanctions, let alone completed his sanctions for a significant period of time and in an exemplary manner. The State also asserts that the trial court terminated Guadagno's community control without a hearing and without notice to the prosecutor or victims of its intention. By doing so, the State argues that the trial court's termination of Guadagno's community control in the manner it did violated R.C. 2929.15 and constituted reversible error. We agree.

{¶ 9} R.C. 2929.15 governs community control sanctions and provides that, if an offender fulfills the conditions of a sanction imposed pursuant to R.C. 2929.16, 2929.17,

or 2929.18 for a significant period of time and in an exemplary manner, a court "may reduce the period of time under the sanction or impose a less restrictive sanction, but the court shall not permit the offender to violate any law or permit the offender to leave the state without the permission of the court or the offender's probation officer." R.C. 2929.15(C). "Trial courts lack any statutory authority to terminate community control outside the statutory framework provided in R.C. 2929.15(C)." *State v. Weeks*, 2021-Ohio-3735, ¶ 13-14 (8th Dist.), citing *State v. Ogle*, 2017-Ohio-869, ¶ 10 (4th Dist.), citing *State v. Castillo*, 2011-Ohio-1821, ¶ 26 (2d Dist.) (a trial court has no power to modify a sentence or terminate community control except under R.C. 2929.15(C) where the offender, "for a significant period of time, fulfills the conditions of a sanction in an exemplary manner").

{¶ 10} In this case, because the trial court terminated Guadagno's community control less than a month after sentencing, Guadagno could not have satisfied the prerequisites of R.C. 2929.15(C) regarding the termination of the sanctions: that an offender "for a significant period of time, fulfills the sanctions in an exemplary manner." *See Castillo* at ¶ 26. The trial court simply stated that, although Guadagno had "not met all of the conditions of community control," an extension of the community control period "will serve no further benefit," which did not fulfill the statutory requirements under R.C. 2929.15(C). Therefore, we agree that the trial court erred when it terminated Guadagno's community control sanctions in its March 8, 2024 order.

{¶ 11} The State of Ohio's assignment of error is sustained. The judgment of the trial court is reversed and remanded for reimposition of the original community control

sanctions.

. . . . . . . . . . . . .

EPLEY, P.J. and WELBAUM, J., concur.