[Cite as *State v. Nicholson*, 2016-Ohio-50.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff - Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| TIMOTHY J. NICHOLSON | : | Case No. CT2015-0016 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:          Appeal from the Muskingum County
                                  Court of Common Pleas, Case No.
                                  CR2014-0345



JUDGMENT:                         Affirmed



DATE OF JUDGMENT:                 January 6, 2016



APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

D. MICHAEL HADDOX                         DAVID SAMS
Prosecuting Attorney                      Box 40
                                          W. Jefferson, Ohio 43162
By: GERALD V. ANDERSON II
Assistant Prosecuting Attorney
Muskingum County, Ohio
27 North Fifth Street, P.O. Box 189
Zanesville, Ohio 43702-0189

*Baldwin, J.*

{¶1} Defendant-appellant Timothy Nicholson appeals from the March 9, 2015 Entry of the Muskingum County Court of Common Pleas. Plaintiff-appellee is the State of Ohio.

## STATEMENT OF THE FACTS AND CASE

{¶2} On November 5, 2014, the Muskingum County Grand Jury indicted appellant on one count of failure to comply (risk of harm) in violation of R.C. 2921.331(B), a felony of the third degree. At his arraignment on November 12, 2014, appellant entered a plea of not guilty to the charge.

{¶3} Thereafter, on January 15, 2015, appellant withdrew his not guilty plea and entered a plea of guilty to the charge. As memorialized in an Entry filed on March 9, 2015, appellant was sentenced to thirty-six (36) months in prison.

{¶4} Appellant now raises the following assignments of error on appeal:

{¶5} THE DEFENDANT-APPELLANT WAS NOT PROPERLY ADVISED OF POST-RELEASE CONTROL OR ITS RAMIFICATIONS.

{¶6} THE DEFENDANT-APPELLANT WAS IMPROPERLY CONVICTED OF AND SENTENCED TO THE MAXIMUM TERM FOR A VIOLATION OF R.C. 2921.331(B) AS A FELONY OF THE THIRD DEGREE, AS THE TRIAL COURT DID NOT FIND BEYOND A REASONABLE DOUBT ON THE FACTS OF THIS CASE THAT APPELLANT CAUSED A SUBSTANTIAL RISK OF SERIOUS PHYSICAL HARM TO PERSONS OR PROPERTY AS REQUIRED BY R.C. 2921.331(B)(C)(5)(a)(ii) AND THAT THIS WAS THE WORST FORM OF FLEEING AND ELUDING.

I

{¶7}    Appellant, in his first assignment of error, argues that he was not properly advised of post-release control and its ramifications. Appellant specifically contends that the trial court failed to advise him that, if he committed a new felony while on post-release control, any additional post-release control time would have to be served consecutively to any term for the new felony under R.C. 2929.19(B) and R.C. 2929.141.

{¶8}    R.C. 2929.19 states, in relevant part, as follows:

(B)(1) At the sentencing hearing, the court, before imposing sentence, shall consider the record, any information presented at the hearing by any person pursuant to division (A) of this section, and, if one was prepared, the presentence investigation report made pursuant to section 2951.03 of the Revised Code or Criminal Rule 32.2, and any victim impact statement made pursuant to section 2947.051 of the Revised Code.

(2) Subject to division (B)(3) of this section, if the sentencing court determines at the sentencing hearing that a prison term is necessary or required, the court shall do all of the following:….

(e) Notify the offender that, if a period of supervision is imposed following the offender's release from prison, as described in division (B)(2)(c) or (d) of this section, and if the offender violates that supervision or a condition of post-

release control imposed under division (B) of section 2967.131 of the Revised Code, the parole board may impose a prison term, as part of the sentence, of up to one-half of the stated prison term originally imposed upon the offender. If a court imposes a sentence including a prison term on or after July 11, 2006, the failure of a court to notify the offender pursuant to division (B)(2)(e) of this section that the parole board may impose a prison term as described in division (B)(2)(e) of this section for a violation of that supervision or a condition of post-release control imposed under division (B) of section 2967.131 of the Revised Code or to include in the judgment of conviction entered on the journal a statement to that effect does not negate, limit, or otherwise affect the authority of the parole board to so impose a prison term for a violation of that nature if, pursuant to division (D)(1) of section 2967.28 of the Revised Code, the parole board notifies the offender prior to the offender's release of the board's authority to so impose a prison term. Section 2929.191 of the Revised Code applies if, prior to July 11, 2006, a court imposed a sentence including a prison term and failed to notify the offender pursuant to division (B)(2)(e) of this section regarding the possibility of the parole board imposing

a prison term for a violation of supervision or a condition of post-release control.

{¶9}    R.C. 2929.141 governs commission of an offense by person under post-release control. Subsection (A)(1) states as follows:

(A)    Upon the conviction of or plea of guilty to a felony by a person on post-release control at the time of the commission of the felony, the court may terminate the term of post-release control, and the court may do either of the following regardless of whether the sentencing court or another court of this state imposed the original prison term for which the person is on post-release control:

(1)    In addition to any prison term for the new felony, impose a prison term for the post-release control violation. The maximum prison term for the violation shall be the greater of twelve months or the period of post-release control for the earlier felony minus any time the person has spent under post-release control for the earlier felony. In all cases, any prison term imposed for the violation shall be reduced by any prison term that is administratively imposed by the parole board as a post-release control sanction. A prison term imposed for the violation shall be served consecutively to any prison term imposed for the new felony. The imposition of a prison term for the post-release control

violation shall terminate the period of post-release control for

the earlier felony. (Emphasis added).

{¶10} As noted by appellant in this brief, there is a split of appellate authority as to whether or not that there is a duty to inform an offender of a possible consecutive sentence under R.C. 2929.141. In *State v. Adkins*, 4th Dist. Lawrence No. 14CA29, 2015-Ohio-2830 and *State v. McDowell,* 9th Dist. Summit App. No. 26697, 2014–Ohio–3900, both cited by appellant, the courts held that the trial court was required to notify a defendant that a prison term imposed for commission of a new felony during a term of post-release control will be served consecutively to the prison term imposed by the court for the violation of post-release control.

{¶11} However, as the court noted in *Adkins* at paragraph 14:

We are cognizant that a number of other appellate

districts have considered whether the postrelease control

notification of R.C. 2929.19(B)(2)(e) must include notification

of the penalty provisions in R.C. 2929.141(A)(1)-(2) and have

held that this notification is not required. *See State v. Bybee,*

2015–Ohio–878, 28 N.E.3d 149 (8th Dist.) (… refusing to

extend the postrelease control notification requirements set

forth in *State v. Jordan,* 104 Ohio St.3d 21, 2004–Ohio–6085,

817 N.E.2d 864 and codified in R.C. 2929.19(B) to require

additional notification of penalties under R.C. 2929.141 but

agreeing with *Mullins, infra,* that it is a better practice to do

so); *State v. Burgett,* 3rd Dist. Marion App. No. 9–10–37,

2010–Ohio–5945 ("we find no such requirement contained in the statute mandating the trial court to notify a defendant of all the possible consequences of his commission of a felony while on post release control, as set forth under R.C. 2929.141"); *State v. Lane,* 3rd Dist. Allen App. No. 1–10–10, 2010–Ohio–4819 (the possible consequences of the commission of a felony under R.C. 2929.141 are discretionary options of the trial court, and no notice to a defendant of those options is required); *State v. Witherspoon,* 8th Dist. Cuyahoga No. 90498, 2008–Ohio–4092; *State v. Mullins,* 12th Dist. Butler App. No. CA2007–01–028, 2008–Ohio–1995, ¶ 14 (holding that there is no requirement that the trial court at the sentencing hearing notify defendant of the possible penalties under R.C. 2929.141, though "we do note that the better practice would be to include notification of the potential implications of R.C. 2929.141 when notifying defendants of the other potential implications of postrelease control"); *State v. Susany,* 7th Dist. Mahoning App. No. 07MA7, 2008–Ohio–1543 (there is no requirement that the defendant must also be informed of the penalties under R.C. 2929.141 as part of the notification required under R.C. 2929.19(B)).

{¶12} In the case sub judice, the trial court stated as follows at the March 2, 2015 sentencing hearing:

THE COURT:   It is mandatory upon your release from prison you will be placed on what is known as post-release control for a period of three years by the adult parole authority. While on post-release control, you will be subject to a variety of rules and regulations.  Should you fail to follow those rules and regulations, you could be sent back to prison for a period of up to nine months for each rule violation you may commit. The total amount of time you could be sent back to prison would be equal to one-half of your original prison sentence.

If you commit a new felony while on post-release control, in addition to any sentence you receive for that new felony, additional prison time could be added to that sentence in the form of the time you have left on post-release control, or one year, whichever is the greater.   Do you understand what I just went over?

THE DEFENDANT:   Yes.

{¶13}  Transcript of March 2, 2015 sentencing hearing at 7-8. (Emphasis added).

{¶14}  Recently, in *State v. Wills*, 5th Dist. Muskingum No. CT2015-0009, 2015-Ohio-4599, this Court found that the trial court, which used identical language to the above highlighted language at  sentencing, "advised appellant of post release control and the language 'could be added' is sufficient and tantamount to saying 'consecutive to.'" *Wills*, at paragraph 13.  We found that the appellant, in *Wills*, had been advised of post-release control and its ramifications.

{¶15}  Based on *Wills*, appellant's first assignment of error is overruled.

II

{¶16}  Appellant, in his second assignment of error, argues that he was improperly convicted of and sentenced to the maximum term for a violation of R.C. 2921.331(B) as a felony of the third degree because the trial court did not find beyond a reasonable doubt that appellant caused a serious risk of physical harm to persons or property as required by R.C. 2921.331(B)(C)(5)(a)(ii) and that this was the worst form of the offense.

{¶17}  R.C. 2921.331 states, in relevant part, as follows:

(B)    No person shall operate a motor vehicle so as willfully to elude or flee a police officer after receiving a visible or audible signal from a police officer to bring the person's motor vehicle to a stop.

(C)(1) Whoever violates this section is guilty of failure to comply with an order or signal of a police officer….

(5)(a) A violation of division (B) of this section is a felony of the third degree if the jury or judge as trier of fact finds any of the following by proof beyond a reasonable doubt:…

(ii) The operation of the motor vehicle by the offender caused a substantial risk of serious physical harm to persons or property.

{¶18}  In the case sub judice, the indictment alleged that appellant "did purposefully operate a motor vehicle so as to willfully elude or flee a police officer after

receiving a visible or audible signal from a police officer to bring the motor vehicle to a stop, the operation of the motor vehicle by [appellant] caused a substantial risk of serious physical harm to persons or property" in violation of R.C. 2921.331(B), a felony of the third degree. Appellant, on January 15, 2015, pleaded guilty to the charge as contained in the indictment and the trial court found appellant guilty on the record. By pleading guilty, appellant admitted to all of the allegations contained in the indictment.

{¶19} Appellant, in his second assignment of error, further argues that the trial court, in sentencing him, did not consider the factors listed in R.C. 2921.331(B)(C)(5)(b)(i-ix) in sentencing him.

{¶20} R.C. 2921.331 states, in relevant part, as follows:

B) No person shall operate a motor vehicle so as willfully to elude or flee a police officer after receiving a visible or audible signal from a police officer to bring the person's motor vehicle to a stop.

(5)(a) A violation of division (B) of this section is a felony of the third degree if the jury or judge as trier of fact finds any of the following by proof beyond a reasonable doubt:

(i)  The operation of the motor vehicle by the offender was a proximate cause of serious physical harm to persons or property.

(ii)  The operation of the motor vehicle by the offender caused a substantial risk of serious physical harm to persons or property.

If a police officer pursues an offender who is violating division (B) of this section and division (C)(5)(a) of this section applies, the sentencing court, in determining the seriousness of an offender's conduct for purposes of sentencing the offender for a violation of division (B) of this section, shall consider, along with the factors set forth in sections 2929.12 and 2929.13 of the Revised Code that are required to be considered, all of the following:

(i)     The duration of the pursuit;

(ii)    The distance of the pursuit;

(iii)   The rate of speed at which the offender operated the motor vehicle during the pursuit;

(iv)   Whether the offender failed to stop for traffic lights or stop signs during the pursuit;

(v)    The number of traffic lights or stop signs for which the offender failed to stop during the pursuit;

(vi)   Whether the offender operated the motor vehicle during the pursuit without lighted lights during a time when lighted lights are required;

(vii)  Whether the offender committed a moving violation during the pursuit;

(viii) The number of moving violations the offender committed during the pursuit;

(ix)    Any other relevant factors indicating that the offender's conduct is more serious than conduct normally constituting the offense.

{¶22}  As noted by the court in *State v. Yarbrough*, 2nd Dist Clark No. 2014–CA–67, 2015-Ohio-1672 at paragraph 16**:**

Yarbrough has not cited, and we have not found, authority for the proposition that a trial court must include reference to R.C. 2921.331(C)(5)(b) factors in its judgment entry or during the sentencing hearing. Indeed, case law holds to the contrary—there is no requirement for the court to make any specific finding in relation to R.C. 2921.331(C)(5)(b). *State v. Owen,* 8th Dist. Cuyahoga No. 89948, 2008–Ohio–3555. *Accord State v. Reed,* 10th Dist. Franklin No. 08AP–20, 2008–Ohio–6082.

{¶23}  Moreover, there is nothing in the record supporting the claim that the trial court failed to consider these factors when imposing sentence. At the January 15, 2015 plea hearing, the prosecutor stated, in relevant part, as follows on the record:

MR. WELCH:   Deputies pursued the maroon minivan [in which appellant was driving] in a marked police cruiser with lights and sirens on.  The suspect continued to flee in the minivan through a field across Richvale Road and onto Friendly Hills Road.  Their speeds at that point were ranging in the 60 to 75 miles-per-hour range.

During the pursuit deputies observed that the van was being driven out of control, swerving one side of the roadway to the other, passing and nearly hitting another vehicle while on Friendly Hills Road, and disobeying traffic control devices by passing through out at least three intersections while failing to obey traffic control devices.

{¶24} Transcript of January 15, 2015 plea hearing at 9-10.

{¶25} In addition, at the at the March 2, 2015 hearing, appellant's counsel stated, in relevant part, as follows:

MS. FRIES: May it please the Court, Your Honor, we would ask that you consider the sentencing factors set out of the Ohio Revised Code 2921.331(C)(5)(b), and the subsequent factors thereunder. The duration of the pursuit in this matter was very short. It lasted approximately four minutes. It only lasted for a couple miles. He did pass a couple of stop signs, but he did slow down to ensure no one was coming at the stop sign. The occurred during the daylight hours, and Mr. Nicholson saw only two other vehicles on the road, and he was not drinking that day. He has no recent felony convictions, and he's very remorseful.

{¶26} Transcript of March 2, 2015 sentencing hearing at 3-4.

{¶27} Based on the foregoing, we find that the trial court did consider the factors set forth in R.C. 2921.331(B)(C)(5)(b)(i-ix). Appellant's second assignment of error is, therefore, overruled.

{¶28} Accordingly, the judgment of the Muskingum County Court of Common Pleas is affirmed.

By: Baldwin, J.

Gwin, P.J. and

Delaney, J. concur.