[Cite as *State v. Mercer*, 2016-Ohio-49.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff - Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| MURREY J. MERCER | : | Case No. CT2015-0017 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:             Appeal from the Muskingum County
                                     Court of Common Pleas, Case No.
                                     CR2014-0142

JUDGMENT:                            Affirmed

DATE OF JUDGMENT:                    January 6, 2016

APPEARANCES:

For Plaintiff-Appellee              For Defendant-Appellant

D. MICHAEL HADDOX                   DAVID A. SAMS
Prosecuting Attorney               Box 40
                                   West Jefferson, Ohio 43162
By: GERALD V. ANDERSON II
Assistant Prosecuting Attorney
Muskingum County, Ohio
27 North Fifth St, P.O. Box 189
Zanesville, Ohio 43702-0189

*Baldwin, J.*

{¶1}   Defendant-appellant Murrey Mercer appeals from the March 11, 2015 Entry of the Muskingum County Court of Common Pleas. Plaintiff-appellee is the State of Ohio.

STATEMENT OF THE FACTS AND CASE

{¶2}   On May 14, 2014, the Muskingum County Grand Jury indicted appellant on one count of retaliation in violation of R.C. 2921.05(B), a felony of the third degree. At his arraignment on June 4, 2014, appellant entered a plea of not guilty to the charge.

{¶3}   A bench trial was held on February 5, 2014. The trial court found appellant guilty and a sentencing hearing was held on March 9, 2015. Pursuant to an Entry filed on March 11, 2015, appellant was sentenced to thirty-six (36) months in prison. At sentencing, appellant was advised that he could be placed on post-release control for up to three (3) years after his release from prison and that if he violated the conditions of supervision while on post-release control, he could be returned to prison for up to nine months for each violation, for a total of one-half of his originally stated prison term.

{¶4}   Appellant now raises the following assignment of error on appeal:

{¶5}   THE DEFENDANT-APPELLANT WAS NOT PROPERLY ADVISED OF POST-RELEASE CONTROL AND ITS RAMIFICATIONS.

I

{¶6}   Appellant, in his sole assignment of error, argues that he was not properly advised of post-release control and its ramifications. Appellant specifically contends that the trial court failed to advise him that, if he committed a new felony while on post-release control, any additional post-release control time would have to be served consecutively to any term for the new felony under R.C. 2929.19(B) and R.C. 2929.141.

{¶7}    R.C. 2929.19 states, in relevant part, as follows:

(B)(1) At the sentencing hearing, the court, before imposing sentence, shall consider the record, any information presented at the hearing by any person pursuant to division (A) of this section, and, if one was prepared, the presentence investigation report made pursuant to section 2951.03 of the Revised Code or Criminal Rule 32.2, and any victim impact statement made pursuant to section 2947.051 of the Revised Code.

(2) Subject to division (B)(3) of this section, if the sentencing court determines at the sentencing hearing that a prison term is necessary or required, the court shall do all of the following:….

(e) Notify the offender that, if a period of supervision is imposed following the offender's release from prison, as described in division (B)(2)(c) or (d) of this section, and if the offender violates that supervision or a condition of post-release control imposed under division (B) of section 2967.131 of the Revised Code, the parole board may impose a prison term, as part of the sentence, of up to one-half of the stated prison term originally imposed upon the offender. If a court imposes a sentence including a prison term on or after July 11, 2006, the failure of a court to notify the offender

pursuant to division (B)(2)(e) of this section that the parole board may impose a prison term as described in division (B)(2)(e) of this section for a violation of that supervision or a condition of post-release control imposed under division (B) of section 2967.131 of the Revised Code or to include in the judgment of conviction entered on the journal a statement to that effect does not negate, limit, or otherwise affect the authority of the parole board to so impose a prison term for a violation of that nature if, pursuant to division (D)(1) of section 2967.28 of the Revised Code, the parole board notifies the offender prior to the offender's release of the board's authority to so impose a prison term. Section 2929.191 of the Revised Code applies if, prior to July 11, 2006, a court imposed a sentence including a prison term and failed to notify the offender pursuant to division (B)(2)(e) of this section regarding the possibility of the parole board imposing a prison term for a violation of supervision or a condition of post-release control.

{¶8}   R.C. 2929.141 governs commission of an offense by person under post-release control. Subsection (A)(1) states as follows:

(A)  Upon the conviction of or plea of guilty to a felony by a person on post-release control at the time of the commission of the felony, the court may terminate the term of

post-release control, and the court may do either of the following regardless of whether the sentencing court or another court of this state imposed the original prison term for which the person is on post-release control:

(1)      In addition to any prison term for the new felony, impose a prison term for the post-release control violation. The maximum prison term for the violation shall be the greater of twelve months or the period of post-release control for the earlier felony minus any time the person has spent under post-release control for the earlier felony. In all cases, any prison term imposed for the violation shall be reduced by any prison term that is administratively imposed by the parole board as a post-release control sanction. <u>A prison term imposed for the violation shall be served consecutively to any prison term imposed for the new felony.</u> The imposition of a prison term for the post-release control violation shall terminate the period of post-release control for the earlier felony.   (Emphasis added).

{¶9}    As noted by appellant in this brief, there is a split of appellate authority as to whether or not that there is a duty to inform an offender of a possible consecutive sentence under R.C. 2929.141. In *State v. Adkins*, 4th Dist. Lawrence No. 14CA29, 2015-Ohio-2830 and  *State v. McDowell,* 9th Dist. Summit App. No. 26697, 2014–Ohio–3900, both cited by appellant, the courts held that the trial court was required to notify a

defendant that a prison term imposed for commission of a new felony during a term of post-release control will be served *consecutively* to the prison term imposed by the court for the violation of post-release control.

{¶10} However, as the court noted in *Adkins* at paragraph 14:

We are cognizant that a number of other appellate districts have considered whether the postrelease control notification of R.C. 2929.19(B)(2)(e) must include notification of the penalty provisions in R.C. 2929.141(A)(1)-(2) and have held that this notification is not required. *See State v. Bybee,* 2015–Ohio–878, 28 N.E.3d 149 (8th Dist.) (… refusing to extend the postrelease control notification requirements set forth in *State v. Jordan,* 104 Ohio St.3d 21, 2004–Ohio–6085, 817 N.E.2d 864 and codified in R.C. 2929.19(B) to require additional notification of penalties under R.C. 2929.141 but agreeing with *Mullins, infra,* that it is a better practice to do so); *State v. Burgett,* 3rd Dist. Marion App. No. 9–10–37, 2010–Ohio–5945 ("we find no such requirement contained in the statute mandating the trial court to notify a defendant of all the possible consequences of his commission of a felony while on post release control, as set forth under R.C. 2929.141"); *State v. Lane,* 3rd Dist. Allen App. No. 1–10–10, 2010–Ohio–4819 (the possible consequences of the commission of a felony under R.C. 2929.141 are discretionary

options of the trial court, and no notice to a defendant of those options is required); *State v. Witherspoon,* 8th Dist. Cuyahoga No. 90498, 2008–Ohio–4092; *State v. Mullins,* 12th Dist. Butler App. No. CA2007–01–028, 2008–Ohio–1995, ¶ 14 (holding that there is no requirement that the trial court at the sentencing hearing notify defendant of the possible penalties under R.C. 2929.141, though "we do note that the better practice would be to include notification of the potential implications of R.C. 2929.141 when notifying defendants of the other potential implications of postrelease control"); *State v. Susany,* 7th Dist. Mahoning App. No. 07MA7, 2008–Ohio–1543 (there is no requirement that the defendant must also be informed of the penalties under R.C. 2929.141 as part of the notification required under R.C. 2929.19(B)).

{¶11}   In the case sub judice, the trial court stated as follows at the March 9, 2015 sentencing hearing:

{¶12}  THE COURT:  There's one other thing I need to advise you, Mr. Mercer, which I forgot to.

Upon completion of your sentence it's mand - - optional that you be placed upon post-release control, and that could be for a period of up to three years.  While on post-release control, you would be subject to a variety of rules and regulations.  Should you fail to follow those rules and regulations you can be sent back to prison for a period of up

to nine months for each rule violation you may commit.  Total amount of time you can be sent back to prison would be equal to one-half your original prison sentence.

If you commit a new felony while on post-release control, in addition to any sentence you receive for that new felony, additional time could be added to that sentence in the form of the time you have left on post-release control, or one year, whichever's greater.

You understand what I just went over?

{¶13}  THE DEFENDANT:  Yes.

{¶14}  Transcript of March 9, 2015 hearing at 7. (Emphasis added).

{¶15}   Recently, in *State v. Wills*, 5th Dist. Muskingum No. CT2015-0009, 2015-Ohio-4599, this Court found that the trial court, which used identical language to the above highlighted language at  sentencing, "advised appellant of post release control and the language 'could be added' is sufficient and tantamount to saying 'consecutive to.'" *Wills*, at paragraph 13.  We found that the appellant, in *Wills*, had been advised of post-release control and its ramifications.

{¶16}  Based on *Wills*, appellant's sole assignment of error is denied.

{¶17} Accordingly, the judgment of the Muskingum County Court of Common Pleas is affirmed.

By: Baldwin, J.

Hoffman, P.J. and

Delaney, J. concur.