[Cite as *State ex rel. Morrison v. Gormley*, 2016-Ohio-7512.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, ex rel. | : | JUDGES: |
| JAMES F. MORRISON | : | |
| | : | Hon., Sheila G. Farmer P.J. |
| Relator | : | Hon., Patricia A. Delaney, J. |
| | : | Hon., John W. Wise, J. |
| -vs- | : | |
| | : | |
| HON. DAVID GORMLEY, Judge | : | Case No. 15 CAD 11 0093 |
| Delaware County Court of Common | : | |
| Pleas | : | |
| | : | |
| Respondent | : | O P I N I O N |


CHARACTER OF PROCEEDING:      Writ of Mandamus


JUDGMENT:      Dismissed


DATE OF JUDGMENT:      October 26, 2016


APPEARANCES:

For Appellant: Pro Se

James F. Morrison
Richland County Correctional Inst.
1001 Olivesburg Rd.
P.O. Box 8107
Mansfield, Ohio  44901-8107

For Appellee:

Carol Hamilton O'Brien 0026965
Douglas N. Dumolt  0080866
Assistant Prosecuting Attorney
Delaware County Prosecutor's Office
140 North Sandusky Street
Delaware, Ohio 43015

*Delaney, J.*

{¶1}    Relator James Morrison has filed a Complaint for writ of mandamus requesting this Court order Respondent to issue a new sentencing entry.  He alleges his sentencing entry is void because Respondent failed to make the required findings prior to imposing consecutive sentences.

{¶2}    Respondent has in turn filed a motion to dismiss for failure to state a claim upon which relief may be granted.  Respondent argues the trial court lacks jurisdiction to reconsider its own valid, final sentencing order.  Respondent also argues any alleged failure to make the required findings for consecutive sentences does not make the sentence void.  Rather, the Relator would have an adequate remedy at law by way of appeal to challenge a sentencing error.

{¶3}    "To be entitled to extraordinary relief in mandamus, [a relator] must establish a clear legal right to the requested relief, a clear legal duty on the part of [respondent] to provide it, and the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Waters v. Spaeth,* 131 Ohio St.3d 55, 2012–Ohio–69, 960 N.E.2d 452, ¶ 6. An [a]ppeal is generally considered an adequate remedy sufficient to preclude a writ of mandamus. *Shoop v. State,* 144 Ohio St.3d 374, 2015–Ohio–2068, 43 N.E.3d 432, ¶ 8, citing *State ex rel. Pressley v. Indus. Comm.,* 11 Ohio St.2d 141, 228 N.E.2d 631 (1967), paragraph three of the syllabus." *State ex rel. Bradford v. Dinkelacker,* 2016–Ohio–2916, ¶¶ 5–6 (Ohio).

{¶4}    On July 27, 2012, Relator was sentenced on four counts of Attempted Pandering Sexually Oriented Matter Involving a Minor.  He received 30 month prison

terms for each of his convictions which were ordered to be served consecutive to one another for a total term of 120 months.

{¶5} Following his convictions, Relator filed his first appeal wherein he argued his sentences should have merged. We affirmed his convictions and sentences. Relator appealed to the Supreme Court who declined to accept jurisdiction over the appeal.

{¶6} Thereafter, Relator filed a motion with the trial court requesting resentencing raising the same or similar arguments as are raised in the complaint at bar.

{¶7} Another appeal followed wherein, we explained a trial court lacks authority to reconsider its own valid final judgment except where the sentence is void or where a clerical error has occurred. *State v. Morrison*, 5th Dist. Delaware No. 15CAA070059, 2016-Ohio-1271. We held Relator's sentence does not fall within either exception.

{¶8} We specifically found the arguments raised by Relator were outside the void sentence exception, "[W]e hold appellant's motion for resentencing based on claims of disproportionality and the overriding purposes of sentencing was properly rejected by the trial court as outside the void sentence exception. . ." *State v. Morrison*, 5th Dist. Delaware No. 15CAA070059, 2016-Ohio-1271, ¶ 14.

{¶9} Relator argues his sentence is void because the trial court failed to make required findings prior to imposing consecutive sentences. We disagree.

R.C. 2929.14(C)(4) provides,

> (4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive

sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶10} It is Relator's contention that the trial court failed to make the required findings as required by R.C. 2929.14, therefore, his sentence is void. Relator has provided no authority in support of this proposition.

{¶11} "Alleged errors in consecutive sentencing do not render a sentence void. The Supreme Court 'has declined to find sentences void based on the court's failure to comply with certain sentencing statutes, including the consecutive sentencing statute.' *State v. Butcher,* 4th Dist. Meigs No. 14CA7, 2015–Ohio–4249, ¶ 27; *State v. Holdcroft,* 137 Ohio St.3d 526, 2013–Ohio–5014, 1 N.E.2d 382, ¶ 8 (challenges to consecutive

sentences must be brought on direct appeal)." *State v. Wilson*, 11th Dist. Lake No. 2015-L-067, 2015-Ohio-5465, ¶ 19.

{¶12}  We find Relator has or had an adequate remedy at law by way of appeal. Relator could have raised the issue of improper consecutive sentences on appeal.  The only case cited by Relator, *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124*,* arises from a sentence which was challenged on direct appeal and not through the issuance of a writ of mandamus.

{¶13}  Because we have already determined Relator's sentence is not void and because Relator has or had an adequate remedy at law to challenge any sentencing defect, a writ of mandamus will not issue.  The motion to dismiss is granted.


By Delaney, J.

Farmer, P.J. and

Wise, J. concur.

[Cite as *State ex rel. Morrison v. Gormley*, 2016-Ohio-7512.]