[Cite as *State v. Morrison*, 2017-Ohio-1240.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff - Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| JAMES F. MORRISON | : | Case No. 17 CAA 01 003 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Delaware County Court of Common Pleas, Case No. 11CR I 06 0302

JUDGMENT:      Affirmed

DATE OF JUDGMENT:      March 31, 2017

APPEARANCES:

For Plaintiff-Appellee

CAROL HAMILTON O'BRIEN
Delaware County Prosecuting Attorney

By: DOUGLAS DUMOLT
Assistant County Prosecutor
140 N. Sandusky Street, 3rd Floor
Delaware, Ohio 43015

For Defendant-Appellant

JAMES F. MORRISON, pro se
Richland Correctional Institiution
1001 Olivesburg Road
Mansfield, Ohio 44905

*Baldwin, J.*

{¶1}   Appellant James F. Morrison appeals a judgment of the Delaware County Common Pleas Court overruling his motion to vacate his sentence.  Appellee is the State of Ohio.

## STATEMENT OF THE FACTS AND CASE

{¶2}   On July 27, 2012, appellant was sentenced on four counts of Attempted Pandering Sexually Oriented Matter Involving a Minor. He received a sentence of thirty months incarceration on each of his convictions, to be served consecutively, for a total term of 120 months.

{¶3}   Following his convictions, appellant filed his first appeal wherein he argued his sentences should have merged. We affirmed his convictions and sentences.  *State v. Morrison,* 5th Dist. Delaware No. 12 CAA 08 0053, 2013-Ohio-2182.  Appellant appealed to the Ohio Supreme Court, which declined to accept jurisdiction over the appeal.

{¶4}   Appellant then filed a motion with the trial court requesting resentencing, arguing that his sentence was grossly disproportionate and the trial court was not guided by the purposes of felony sentencing.  Another appeal followed, wherein we explained that a trial court lacks authority to reconsider its own valid final judgment except where the sentence is void or where a clerical error has occurred. *State v. Morrison*, 5th Dist. Delaware No. 15CAA070059, 2016–Ohio–1271. We held that appellant's sentence did not fall within either exception.

{¶5}   Appellant subsequently filed a writ of mandamus, arguing that the trial court failed to make the requisite findings before imposing consecutive sentences.  This Court dismissed the writ, finding that the failure to make the requisite findings did not render

appellant's sentence void, and he had an adequate remedy at law by way of direct appeal from his sentence. *State ex rel. Morrison v. Gormley,* 5th Dist. Delaware No. 15 CAD 11 0093, 2016-Ohio-7512.

{¶6} On December 14, 2016, appellant filed a motion asking the trial court to find that his July, 2012 was void for three reasons: failure to properly impose post-release control, failure to give requisite consideration to the purposes of felony sentencing, and failure to make the appropriate findings for imposing consecutive sentences. On January 3, 2017, the trial court denied the motion on the first two grounds, but found that the trial court (the predecessor of the current trial judge) failed to make appropriate findings before imposing consecutive sentences. The court granted appellant a new sentencing hearing. However, on January 5, 2017, the trial court vacated its January 3 order based on our decision in *State ex rel. Morrison v. Gormley, supra.* The trial court noted that we rejected appellant's claim that his sentence was void because the trial court failed to make the appropriate findings to impose consecutive sentences, and because the sentence was not void, the trial court was without authority to revisit that sentence.

{¶7} Appellant assigns four errors on appeal to this Court:

{¶8} "I.     THE TRIAL COURT ERRED AND EXCEEDED IT'S [SIC] JURISDICTION WHEN IT RECONSIDERED A PREVIOUS FINAL ORDER.

{¶9} "II.     THE TRIAL COURT ERRED IN NOT FINDING DEFENDANT-APPELLANT'S SENTENCE VOID AND CONTRARY TO LAW PURSUANT TO THE STATUTORY MANDATES TO PROPERLY IMPOSE POST-RELEASE CONTROL AND NOTIFY DEFENDANT OF THE CONSEQUENCES OF VIOLATING POST-RELEASE CONTROL AS REQUIRED BY R.C. 2967.28.

{¶10} "III.    THE TRIAL COURT ERRED IN NOT FINDING DEFENDANT-APPELLANT'S SENTENCE CONTRARY TO LAW AND VOID DUE TO THE TRIAL COURT'S NON-COMPLIANCE WITH THE STATUTORY MANDATES TO IMPOSE CONSECUTIVE SENTENCES WHEN IT'S [SIC] SENTENCING ENTRY AND SENTENCING TRANSCRIPTS ARE VOID OF R.C. 2929.14 RENDERING THAT PORTION OF HIS SENTENCE VOID.

{¶11} "IV.    THE TRIAL COURT ERRED IN NOT FINDING DEFENDANT-APPELLANT'S SENTENCE CONTRARY TO LAW AND VOID DUE TO THE TRIAL COURT NOT CONSIDERING THE PURPOSEES AND PRINCIPLES OF FELONY SENTENCING SET FORTH IN R.C. 2929.11."

I.

{¶12} In his first assignment of error, appellant argues that the court lacked jurisdiction to reconsider its January 3, 2017, order granting his motion for a new sentencing hearing on the issue of consecutive sentencing.

{¶13} In appellant's 2016 appeal, he argued that the trial court erred in overruling his motion for resentencing on the grounds that his sentence was grossly disproportionate and the trial court was not guided by the purposes of felony sentencing.  In rejecting this claim, we found that the trial court was without jurisdiction to resentence appellant on these grounds:

We reiterate that appellant filed his motion for resentencing in the trial court more than two years after this Court issued its decision upon his unsuccessful direct appeal. The Ohio Supreme Court has clearly indicated that trial courts lack authority to reconsider their own valid final judgments

in criminal cases. *State ex rel. White v. Junkin*, 80 Ohio St.3d 335, 338, 686 N.E.2d 267, 1997–Ohio–340. Similarly, as a general rule, once a valid sentence has been executed, a trial court no longer has the power to modify the sentence except as provided by the Ohio General Assembly. *See State v. Hayes* (1993), 86 Ohio App.3d 110, 619 N.E.2d 1188.

There are two main exceptions to this general rule. *See State v. Marshall*, 5th Dist. Richland No. 14 CA 37, 2015–Ohio–1986, ¶ 26. The first is the void sentence doctrine. *See State ex rel. Cruzado*, 111 Ohio St.3d 353, 2006–Ohio–5795, 856 N.E.2d 263, ¶ 19. The Ohio Supreme Court has thus recognized: " * * * [I]n the normal course, sentencing errors are not jurisdictional and do not render a judgment void. * * * But in the modern era, Ohio law has consistently recognized a narrow, and imperative, exception to that general rule: a sentence that is not in accordance with statutorily mandated terms is void." *State v. Fischer*, 128 Ohio St.3d 92, 94, 942 N.E.2d 332, 2010–Ohio–6238, ¶ 7–¶ 8. However, the rule of *Fischer* was originally limited to "a discrete vein of cases: those in which a court does not properly impose a statutorily mandated period of postrelease control." *See Fischer* at ¶ 31.

The other main exception to the general rule is that a trial court has jurisdiction to correct clerical errors in its judgments. *See State ex rel. Cruzado,* supra, ¶ 19, citing Crim.R. 36. A *nunc pro tunc* order can be used to supply information which existed but was not recorded, and to correct

typographical or clerical errors. *See Jacks v. Adamson* (1897), 56 Ohio St. 397, 47 N.E. 48.

Neither exception applies in this instance. Thus, under the circumstances of the case *sub judice*, we hold appellant's motion for resentencing based on claims of disproportionality and the overriding purposes of sentencing was properly rejected by the trial court as outside the void sentence exception and thus not under said court's jurisdiction.

**{¶14}** *State v. Morrison*, 2016-Ohio-1271, ¶¶ 11-14.

**{¶15}** "Alleged errors in consecutive sentencing do not render a sentence void. The Supreme Court 'has declined to find sentences void based on the court's failure to comply with certain sentencing statutes, including the consecutive sentencing statute.' *State v. Butcher,* 4th Dist. Meigs No. 14CA7, 2015–Ohio–4249, ¶ 27; *State v. Holdcroft,* 137 Ohio St.3d 526, 2013–Ohio–5014, 1 N.E.2d 382, ¶ 8 (challenges to consecutive sentences must be brought on direct appeal)." *State ex rel. Morrison v. Gormley, supra,* at ¶11, *citing State v. Wilson,* 11th Dist. Lake No.2015L–067, 2015–Ohio–5465, ¶ 19.

**{¶16}** Because errors in consecutive sentencing do not render a sentence void, the trial court was without jurisdiction to grant appellant's motion for a new sentencing hearing on the issue of consecutive sentences. As such, the court's January 3, 2017, judgment was void insofar as it granted appellant's request to vacate his consecutive sentences and hold a new hearing. A trial court has inherent authority to vacate its own void judgments. *Lingo v. State*, 138 Ohio St.3d 427, 2014-Ohio-1052, 7 N.E.3d 1188, ¶ 48 (2014), *citing Patton v. Diemer*, 35 Ohio St.3d 68, 518 N.E.2d 941 (1988), paragraph

four of the syllabus.  The trial court therefore had the authority to vacate its January 3, 2017, judgment on January 5, 2017.

{¶17}  The first assignment of error is overruled.

II.

{¶18}  In his second assignment of error, appellant argues that the court erred in not finding his sentence void for failure to notify him of the consequences of violating post-release control.  He argues that he was not informed that a violation of post-release control could result not only in receiving a prison sentence for the violation, but also that such sentence would necessarily be served consecutively to any prison term he received for committing a new crime.

{¶19}  In *State v. Fischer*, 128 Ohio St.3d 92, 2010–Ohio–6238, the Ohio Supreme Court held, in pertinent part, "A sentence that does not include the statutorily mandated term of post-release control is void, is not precluded from appellate review by principles of res judicata, and may be reviewed at any time, on direct appeal or by collateral attack." *Id.*, at paragraph one of the syllabus.

{¶20}  R.C. 2929.141(A) (1) provides:

(A)     Upon the conviction of or plea of guilty to a felony by a person on post-release control at the time of the commission of the felony, the court may terminate the term of post-release control, and the court may do either of the following regardless of whether the sentencing court or another court of this state imposed the original prison term for which the person is on post-release control:

(1)    In addition to any prison term for the new felony, impose a prison term for the post-release control violation. The maximum prison term for the violation shall be the greater of twelve months or the period of post-release control for the earlier felony minus any time the person has spent under post-release control for the earlier felony. In all cases, any prison term imposed for the violation shall be reduced by any prison term that is administratively imposed by the parole board as a post-release control sanction. A prison term imposed for the violation shall be served consecutively to any prison term imposed for the new felony. The imposition of a prison term for the post-release control violation shall terminate the period of post-release control for the earlier felony.

{¶21} Although there is a split of authority among the appellate districts as to whether a court is required to advise a defendant that a violation of post-release control by commission of a new felony could not only result in an additional prison sentence for the violation, but that such sentence would be served consecutively to any prison term imposed for the new felony, this Court has previously held that such notification is required. *State v. Johnson,* 5th Dist. Muskingum No. CT2016–0035, 2016-Ohio-7931, ¶24.

{¶22} In the instant case, the trial court notified appellant as follows:

If you violate post-release control, you could be returned to prison for up to nine months, with a maximum for repeated violations to equal 50 percent of the original stated prison term, and if the violation is a new felony, you could be returned to prison for the remaining period of control or 12

months, whichever is greater, plus receive a new prison term for the new felony.

**{¶23}** Tr. (Sent.) 116-117.

**{¶24}** Likewise, the sentencing entry used the word "plus" in describing the nature of the term of incarceration for the new felony. Judgment, July 21, 2012, page 4.

**{¶25}** The trial court found the court's language sufficient to notify appellant that the sentences would be served consecutively:

> To be sure, Judge Whitney used the word "plus" rather than the word "consecutive" when explaining to the defendant that his commission of a new felony offense during the post-release-control period could lead to the imposition of whatever penalties might apply to that new felony offense as well as the imposition of more prison time in this case. I find, though, that the word "plus" in that context properly conveyed the possibility that those penalties could be imposed consecutively, so I am not willing to dub the defendant's sentence a void one because of any alleged defect in connection with the information given to him about post-release control.

**{¶26}** Judgment, January 3, 2017, page 2.

**{¶27}** This Court has previously found that the phrase "could be added" is tantamount to "consecutive to," and such notification complies with the requirement that a defendant be notified of the consecutive nature of the sentences set forth in R.C. 2929.141(A)(1). *State v. Wills,* 5th Dist. Muskingum No. CT2015–0009, 2015-Ohio-4599, ¶13. *Accord, State v. Nicholson,* 5th Dist. Muskingum No. CT2015–0016, 2016-Ohio-50. We find no qualitative difference between use of the phrase "could be added" and the use

of the word "plus," and agree with the trial court that the language used conveyed that the sentences would run consecutively.

**{¶28}** The second assignment of error is overruled.

III.

**{¶29}** In his third assignment of error, appellant argues that the trial court erred in failing to find the sentence void based on the trial court's failure to make the statutory findings required to impose consecutive sentences. In dismissing appellant's writ, we recognized that alleged errors in consecutive sentencing do not render a sentence void, and appellant had an adequate remedy at law by way of direct appeal from his sentence. *State ex rel. Morrison v. Gormley, supra.* Appellant's argument regarding consecutive sentencing is therefore barred by res judicata, as it could have been raised on direct appeal. *State v. Szefcyk*, 77 Ohio St.3d 93, 1996–Ohio–337, 671 N.E.2d 233, syllabus.

**{¶30}** The third assignment of error is overruled.

IV.

**{¶31}** In his fourth assignment of error, appellant argues that the trial court erred in not finding the sentence void based on the court's failure to consider the purposes and principles of felony sentencing.

**{¶32}** Appellant is barred by application of res judicata from raising this issue, which could have been raised on direct appeal. As in appellant's earlier appeal in *State v. Morrison,* 2016-Ohio-1271, this issue falls outside the void sentence exception.

**{¶33}** The fourth assignment of error is overruled.

{¶34} The judgment of the Delaware County Common Pleas Court is affirmed.

Costs are assessed to appellant.

By: Baldwin, J.

Gwin, P.J. and

Wise, J. concur.