[Cite as *State v. Montgomery*, 2017-Ohio-4397.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | |
| THEODIS MONTGOMERY, JR. | : | Case No. 2017CA00035 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:        Appeal from the Court of Common
                                Pleas, Case No. 2010CR0295




JUDGMENT:                       Affirmed




DATE OF JUDGMENT:               June 19, 2017




APPEARANCES:

For Plaintiff-Appellee                  For Defendant-Appellant

JOHN D. FERRERO                         THEODIS MONTGOMERY, JR., Pro Se
Prosecuting Attorney                    3021 Neal Court, NW
By: KRISTINE BEARD                      Canton, OH 44709
Assistant Prosecuting Attorney
110 Central Plaza South - Suite 510
Canton, OH 44702-1413

*Wise, Earle, J.*

{¶ 1}  Plaintiff-Appellant, Theodis Montgomery, Jr., appeals the January 25, 2017 judgment entry of the Court of Common Pleas of Stark County, Ohio, denying his motion to vacate post-release control.  Defendant-Appellee is the state of Ohio.

### FACTS AND PROCEDURAL HISTORY

{¶ 2}  On July 28, 2010, appellant pled guilty to one count of kidnapping in violation of R.C. 2905.01, one count of domestic violence in violation of R.C. 2919.25, and one count of violating a protection order in violation of R.C. 2919.27.  By judgment entry filed August 3, 2010, the trial court sentenced appellant to an aggregate term of four years in prison and imposed post-release control.

{¶ 3}  On December 29, 2016, appellant filed a motion to vacate post-release control.  By judgment entry filed January 25, 2017, the trial court denied the motion.

{¶ 4}  Appellant filed an appeal and this matter is now before this court for consideration.  Assignment of error is as follows:

I

{¶ 5}  "APPELLANT CONTENDS THE TRIAL COURT COMMITTED ERROR BY IMPROPERLY NOTIFYING HIM OF SAID PRC SANCTIONS, SPECIFICALLY 'FAILING TO NOTIFY A DEFENDANT OF THE CONSECUTIVE PRISON TERM HE COULD FACE IF HE WOULD COMMIT ANOTHER FELONY WHILE BEING ON PRC.' THUS RENDERING HIS PRC SANCTION VOID FOR FAILURE TO FULLY NOTIFY HIM OF THE CONSEQUENCES SET FORTH IN R.C. 2929.141."

{¶ 6}  Preliminarily, we note this case is before this court on the accelerated calendar which is governed by App.R. 11.1.  Subsection (E), determination and

judgment on appeal, provides in pertinent part: "The appeal will be determined as provided by App.R. 11.1. It shall be sufficient compliance with App.R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form."

{¶ 7} One of the important purposes of the accelerated calendar is to enable an appellate court to render a brief and conclusory decision more quickly than in a case on the regular calendar where the briefs, facts, and legal issues are more complicated. *Crawford v. Eastland Shopping Mall Assn.,* 11 Ohio App.3d 158, 463 N.E.2d 655 (10th Dist.1983).

{¶ 8} This appeal shall be considered in accordance with the aforementioned rules.

I

{¶ 9} In his sole assignment of error, appellant claims the trial court erred in denying his motion to vacate post-release control. We disagree.

{¶ 10} Specifically, appellant argues when his post-release control was imposed, the trial court failed to inform him that he could serve a consecutive prison term if he committed another felony while on post-release control; therefore, the post-release control sanction was void and in violation of R.C. 2929.141.

{¶ 11} In *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, paragraph one of the syllabus, the Supreme Court of Ohio held: "A sentence that does not include the statutorily mandated term of postrelease control is void, is not precluded from appellate review by principles of res judicata, and may be reviewed at any time, on direct appeal or by collateral attack."

{¶ 12} R.C. 2929.14 governs sentencing.  Subsection (B)(2)(e) states, "if the sentencing court determines at the sentencing that a prison term is necessary or required, the court shall":

Notify the offender that, if a period of supervision is imposed following the offender's release from prison, as described in division (B)(2)(c) or (d) of this section, and if the offender violates that supervision or a condition of post-release control imposed under division (B) of section 2967.131 of the Revised Code, the parole board may impose a prison term, as part of the sentence, of up to one-half of the stated prison term originally imposed upon the offender.  If a court imposes a sentence including a prison term on or after July 11, 2006, the failure of a court to notify the offender pursuant to division (B)(2)(e) of this section that the parole board may impose a prison term as described in division (B)(2)(e) of this section for a violation of that supervision or a condition of post-release control imposed under division (B) of section 2967.131 of the Revised Code or to include in the judgment of conviction entered on the journal a statement to that effect does not negate, limit, or otherwise affect the authority of the parole board to so impose a prison term for a violation of that nature if, pursuant to division (D)(1) of section 2967.28 of the Revised Code, the parole board notifies the offender prior to the offender's release of the board's authority to so impose a prison term.  Section 2929.191 of the Revised Code applies if, prior to July 11, 2006, a court

imposed a sentence including a prison term and failed to notify the offender pursuant to division (B)(2)(e) of this section regarding the possibility of the parole board imposing a prison term for a violation of supervision or a condition of post-release control.

{¶ 13} R.C. 2929.141 governs commission of offense by person under post-release control and states the following in pertinent part:

> (A) Upon the conviction of or plea of guilty to a felony by a person on post-release control at the time of the commission of the felony, the court may terminate the term of post-release control, and the court may do either of the following regardless of whether the sentencing court or another court of this state imposed the original prison term for which the person is on post-release control:

> (1) In addition to any prison term for the new felony, impose a prison term for the post-release control violation. The maximum prison term for the violation shall be the greater of twelve months or the period of post-release control for the earlier felony minus any time the person has spent under post-release control for the earlier felony. In all cases, any prison term imposed for the violation shall be reduced by any prison term that is administratively imposed by the parole board as a post-release control sanction. A prison term imposed for the violation shall be served consecutively to any prison term imposed for the new felony. The

imposition of a prison term for the post-release control violation shall terminate the period of post-release control for the earlier felony.

{¶ 14} We acknowledge there is a split of authority among the appellate districts as to whether a trial court is required to inform a defendant that if he/she commits a new felony while on post-release control, he/she could be subject to a prison sentence on the new felony and an additional consecutive prison sentence for the post-release control violation. However, this court has previously held that such notification is required. *State v. Johnson,* 5th Dist. Muskingum No. CT2016–0035, 2016–Ohio–7931, appeal accepted, 148 Ohio St.3d 1442, 2017-Ohio-1427, 72 N.E.3d 656. *See State v. Willis,* 5th Dist Muskingum No. CT2015-0009, 2015-Ohio-4599 ("could be added" language is sufficient and tantamount to saying "consecutive to"); *State v. Nicholson,* 5th Dist. Muskingum No. CT2015-0016, 2016-Ohio-50; *State v. Mercer,* 5th Dist. Muskingum No. CT2015-0017, 2016-Ohio-49; *State v. Morrison,* 5th Dist. Delaware No. 17 CAA 01 003, 2017-Ohio-1240 (no qualitative difference between the use of the phrase "could be added" and the use of the word "plus").

{¶ 15} In the case sub judice, appellant did not provide this court with the transcript of his sentencing hearing; therefore, we are unable to review what the trial court said in informing appellant of post-release control. We presume regularity in the proceeding.

{¶ 16} In its judgment entry filed August 3, 2010, the trial court informed appellant of post-release control as follows in pertinent part:

If the Defendant violates the conditions of post-release control, the Defendant will be subject to an additional prison term of up to one-half of the stated prison term as otherwise determined by the Parole Board, pursuant to law.

If the defendant commits another felony while subject to this period of control or supervision the defendant may be subject to an additional prison term consisting of the maximum period of unserved time remaining on post release control as set out above or 12 months whichever is greater.

{¶ 17} We find the phrase "may be subject to an additional prison term" adequately informed appellant of the possibility of the imposition of consecutive sentences.

{¶ 18} Upon review, we find the trial court did not err in denying appellant's motion to vacate post-release control.

{¶ 19} The sole assignment of error is denied.

{¶ 20} The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed.

By Wise, Earle, J.

Wise, John, J. concur and

Hoffman, P.J. disents.

_____
Hon. Earle E. Wise, Jr.

_____
Hon. William B. Hoffman

_____
Hon. John W. Wise

EEW/sg 518

*Hoffman, P.J., dissenting*

{¶21} I respectfully dissent from the majority decision. I do not find the trial court's entry stating "may be subject to an additional prison term" sufficient to inform Appellant of the mandatory nature of time imposed for violation of postrelease control in that the term for the new felony would be served consecutive to the term imposed for violation of postrelease control.

{¶22} In *State v. Morrison*, Delaware App. No. 17CAA01003, 2017-Ohio-1240, this Court held a trial court must not only advise the defendant a post-release control violation by the commission of a new felony could result in an additional prison sentence for the violation, but must also advise the defendant such sentence would be served consecutively to any prison term imposed for the new felony.

{¶23} In *State v. Wills,* 5th Dist. Musk. Co. No. CT2015-0009, 2015-Ohio-4599, this Court found the trial court's notification at sentencing, the commission of a new felony while on post-release control would result in an additional prison term which "could be added to" the sentence for the new felony, sufficient and tantamount to saying "consecutive to."

{¶24} In *State v. Nicholson,* Musk. No. CT2015-0016, 2016-Ohio-50, and *State v. Mercer*, Musk. No. CT2015-0017, 2016-Ohio-49, this Court held the trial court's statement, "in addition to any sentence you receive for that new felony, additional prison time *could be added* to that sentence" sufficient to advise the defendant of post-release control and its ramifications. (Emphasis added.)

{¶25} In *State v. Morrison*, Delaware App. No. 17CAA01003, 2017-Ohio-1240, this Court analyzed the trial court's notification, "if the violation is a new felony, you

could be returned to prison for the remaining period of control or 12 months, whichever is greater, plus receive a new prison term for the new felony." This Court held there is no qualitative difference between use of the phrase "could be added" and the use of the word "plus," and the language used conveyed the sentences would run consecutively.

{¶26} Appellant did not introduce a transcript of the hearing into the record, so we must assume the regularity of the sentencing hearing. *National City Bank v. Beyer*, 89 Ohio St.3d 152, 160, 729 N.E. 2d 711 (2000). The trial court's August 3, 2000 judgment entry states,

> If the Defendant commits another felony while subject to this period of control or supervision the defendant *may be subject to an additional prison term* consisting of the maximum period of unserved time remaining on post release control as set out above or 12 months whichever is greater.
>
> (Emphasis added.)

{¶27} The trial court advised Appellant he "may be subject to an additional prison term," but failed to inform Appellant the additional prison term, if imposed, would have to be served consecutive to any term imposed for the new felony. I would not find the phrase "may be subject to an additional prison term" tantamount to advising Appellant the sentences would have to run consecutively.

 

 

                                        _____
                                        HON. WILLIAM B. HOFFMAN