Hoffman, P.J., dissenting
 

 {¶ 21} I respectfully dissent from the majority decision. I do not find the trial court's entry stating "may be subject to an additional prison term" sufficient to inform Appellant of the mandatory nature of time imposed for violation of postrelease control in that the term for the new felony would be served consecutive to the term imposed for violation of postrelease control.
 

 {¶ 22} In
 
 State v. Morrison
 
 , Delaware App. No. 17CAA01003,
 
 2017-Ohio-1240
 
 ,
 
 2017 WL 1232534
 
 , this Court held a trial court must not only advise the defendant a post-release control violation by the commission of a new felony could result in an additional prison sentence for the violation, but must also advise the defendant such sentence would be served consecutively to any prison term imposed for the new felony.
 

 {¶ 23} In
 
 State v. Wills,
 
 5
 
 th
 
 Dist. Musk. Co. No. CT2015-0009,
 
 2015-Ohio-4599
 
 ,
 
 2015 WL 6778811
 
 , this Court found the trial court's notification at sentencing, the commission of a new felony while on post-release control would result in an additional prison term which "could be added to" the sentence for the new felony, sufficient and tantamount to saying "consecutive to."
 

 {¶ 24} In
 
 State v. Nicholson,
 
 Musk. No. CT2015-0016,
 
 2016-Ohio-50
 
 ,
 
 2016 WL 107532
 
 , and
 
 State v. Mercer
 
 , Musk. No. CT2015-0017,
 
 2016-Ohio-49
 
 ,
 
 2016 WL 107828
 
 , this Court held the trial court's statement, "in addition to any sentence you receive for that new felony, additional prison time
 
 could be added
 
 to that sentence" sufficient to advise the defendant of post-release control and its ramifications. (Emphasis added.)
 

 {¶ 25} In
 
 State v. Morrison
 
 , Delaware App. No. 17CAA01003,
 
 2017-Ohio-1240
 
 ,
 
 2017 WL 1232534
 
 , this Court analyzed the trial court's notification, "if the violation is a new felony, you could be returned to prison for the remaining period of control or 12 months, whichever is greater, plus receive a new prison term for the new felony." This Court held there is no qualitative difference between use of the phrase "could be added" and the use of the word "plus," and the language used conveyed the sentences would run consecutively.
 

 {¶ 26} Appellant did not introduce a transcript of the hearing into the record, so we must assume the regularity of the sentencing hearing.
 
 National City Bank v. Beyer
 
 ,
 
 89 Ohio St.3d 152
 
 , 160,
 
 729 N.E.2d 711
 
 (2000). The trial court's August 3, 2000 judgment entry states,
 

 If the Defendant commits another felony while subject to this period of control or supervision the defendant
 
 may be subject to an additional prison term
 
 consisting of the maximum period of unserved time remaining on post release control as set out above or 12 months whichever is greater.
 

 (Emphasis added.)
 

 {¶ 27} The trial court advised Appellant he "may be subject to an additional prison term," but failed to inform Appellant the additional prison term, if imposed, would have to be served consecutive to any term imposed for the new felony. I would not find the phrase "may be subject to an additional prison term" tantamount to advising Appellant the sentences would have to run consecutively.