[Cite as *State v. Johnson*, 2016-Ohio-7931.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. William B. Hoffman, P.J. |
|     Plaintiff-Appellee | Hon. John W. Wise, J.<br>Hon. Craig R. Baldwin, J. |
| -vs- | |
| | Case No. CT2016-0035 |
| KENNETH R. JOHNSON | |
|     Defendant-Appellant | O P I N I O N |

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Appeal from the Muskingum County Common Pleas Court, Case No. CR2015-0048 |
| JUDGMENT: | Reversed and Remanded |
| DATE OF JUDGMENT ENTRY: | November 28, 2016 |
| APPEARANCES: | |

For Plaintiff-Appellee

D. MICHAEL HADDOX
Prosecuting Attorney
Muskingum County, Ohio

By: GERALD V. ANDERSON II
Assistant Prosecuting Attorney
Muskingum County, Ohio
27 North Fifth St., P.O. Box 189
Zanesville, Ohio 43702-0189

For Defendant-Appellant

KENNETH R. JOHNSON, PRO SE
#A715-637
Noble Correctional Institution
15708 McConnelseville Road
Caldwell, Ohio 43724

*Hoffman, P.J.*

**{¶1}** Defendant-appellant Kenneth R. Johnson appeals the July 20, 2016 Judgment Entry entered by the Muskingum County Court of Common Pleas denying his motion to vacate judicial sanction. Plaintiff-appellee is the state of Ohio.

STATEMENT OF THE CASE[1]

**{¶2}** On October 30, 2013, Appellant was sentenced to an aggregate prison term of fourteen months as entered by the Perry County Court of Common Pleas, in *State v. Johnson* Case No. 13CR0040. The judgment entry of the Perry County Court included the following language as to post-release control:

> The Court has further notified the defendant that post release control of up to three (3) years is optional in this case, as well as the consequences of violating conditions of post release control imposed by the Parole Board under Section 2967.28 Revised Code, which includes reimprisonment for up to a maximum of one-half of my originally stated term.

**{¶3}** In the case under review, Appellant entered a plea of guilty to one count of robbery and two counts of theft in the Muskingum County Court of Common Pleas on February 15, 2015.  Via Entry filed May 11, 2015, the trial court sentenced Appellant to a stated term of two years on the robbery count, merging both theft counts with the robbery count for purposes of sentencing. The trial court notified Appellant post-release control

---

[1] A rendition of the underlying facts is unnecessary for resolution of this appeal.

was mandatory and the consequences for violating post-release control. The trial court further found Appellant was on post-release control in Perry County Common Pleas Court Case 13CR0040, at the time he committed the offenses. The trial court further ordered:

> Defendant is no longer amenable to Post Release Control, and, pursuant to O.R.C. §2929.141, terminates the same and orders that the remainder of Defendant's Post Release Control be served as a prison term. According to statute, it is mandatory that this prison term be served consecutively to the two (02) year prison sentence in the instant case.

**{¶4}** On May 23, 2016, Appellant filed a motion to vacate judicial sanction.

**{¶5}** Via Entry of July 21, 2016, the trial court denied Appellant's motion to vacate judicial sanction, finding Appellant's post-release control in Perry County Case No. 13 CR 0040 was properly imposed.

**{¶6}** Appellant appeals, assigning as error:

**{¶7}** "I. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT DENIED APPELLANT'S MOTION TO VACATE JUDICIAL SANCTION SENTENCE."

**{¶8}** Preliminarily, we note this case comes to us on the accelerated calendar. App.R. 11.1, which governs accelerated calendar cases, and provides in pertinent part:

> (E) Determination and judgment on appeal
>
> The appeal will be determined as provided by App. R. 11.1. It shall
>
> be sufficient compliance with App. R. 12(A) for the statement of the reason

for the court's decision as to each error to be in brief and conclusionary form.

The decision may be by judgment entry in which case it will not be published in any form.

**{¶9}** One of the important purposes of the accelerated calendar is to enable an appellate court to render a brief and conclusory decision more quickly than in a case on the regular calendar where the briefs, facts, and legal issues are more complicated. *Crawford v. Eastland Shopping Mall Association,* 11 Ohio App.3d 158 (1983).

**{¶10}** This appeal shall be considered in accordance with the aforementioned rules.

**{¶11}** Appellant maintains the trial court committed error by failing to find his post-release control imposed by the Perry County Court of Common Pleas, in Case No. 13 CR 0040, was void for failure to notify him of the consequences set forth in R.C. 2929.141.

**{¶12}** Ohio Revised Code Section 2929.141(A)(1), reads,

(A) Upon the conviction of or plea of guilty to a felony by a person on post-release control at the time of the commission of the felony, the court may terminate the term of post-release control, and the court may do either of the following regardless of whether the sentencing court or another court of this state imposed the original prison term for which the person is on post-release control:

(1) In addition to any prison term for the new felony, impose a prison term for the post-release control violation. The maximum prison term for the violation shall be the greater of twelve months or the period of post-release control for the earlier felony minus any time the person has spent under post-release control for the earlier felony. In all cases, any prison term imposed for the violation shall be reduced by any prison term that is administratively imposed by the parole board as a post-release control sanction. A prison term imposed for the violation shall be served consecutively to any prison term imposed for the new felony. The imposition of a prison term for the post-release control violation shall terminate the period of post-release control for the earlier felony.

**{¶13}** In *State v. Wills,* Muskingum Co. No. CT2015-0009, 2015-Ohio-4599, this Court addressed the issue of whether the appellant had been fully advised of the consequences of violating post-release control under R.C. 2929.141.

**{¶14}** *Wills* cited the trial court's instruction at the plea hearing and at the sentencing hearing. During both hearings, Appellant was advised, if he committed a new felony while on post-release control, any sentence received for the new felony would be "additional prison time [that] could be added to that sentence in the form of time you have left on post-release control, or one year, whichever is greater."

**{¶15}** In *Wills*, this Court concluded, "[W]e find the trial court advised appellant of post-release control and the language 'could be added' is sufficient and tantamount to saying 'consecutive' to."

**{¶16}** Similarly, in *State v. Nicholson*, Muskingum Co. No. CT2015-0016, 2016-Ohio 50, the appellant argued the trial court did not properly advise him of post-release control and its ramifications. Specifically, *Nicholson* asserted the trial court failed to advise him, if he committed a new felony while on post-release control, any additional post-release control time would have to be served consecutively to any term of the new felony under R.C. 2929.19(B) and R.C. 2929.141.

**{¶17}** This Court held in *Nicholson*,

As noted by appellant in this brief, there is a split of appellate authority as to whether or not that there is a duty to inform an offender of a possible consecutive sentence under R.C. 2929.141. In *State v. Adkins,* 4th Dist. Lawrence No. 14CA29, 2015–Ohio–2830 and *State v. McDowell,* 9th Dist. Summit App. No. 26697, 2014–Ohio–3900, both cited by appellant, the courts held that the trial court was required to notify a defendant that a prison term imposed for commission of a new felony during a term of post-release control will be served consecutively to the prison term imposed by the court for the violation of post-release control.

However, as the court noted in *Adkins* at paragraph 14:

We are cognizant that a number of other appellate districts have considered whether the postrelease control notification of R.C. 2929 .19(B)(2)(e) must include notification of the penalty provisions in R .C. 2929.141(A)(1)-(2) and have held that this notification is not required. *See State v. Bybee,* 2015–Ohio–878, 28 N.E.3d 149 (8th Dist.) ( ... refusing to

extend the postrelease control notification requirements set forth in *State v. Jordan,* 104 Ohio St.3d 21, 2004–Ohio–6085, 817 N.E.2d 864 and codified in R.C. 2929.19(B) to require additional notification of penalties under R.C. 2929.141 but agreeing with *Mullins, infra,* that it is a better practice to do so); *State v. Burgett,* 3rd Dist. Marion App. No. 9–10–37, 2010–Ohio–5945 ("we find no such requirement contained in the statute mandating the trial court to notify a defendant of all the possible consequences of his commission of a felony while on post release control, as set forth under R.C. 2929.141"); *State v.. Lane,* 3rd Dist. Allen App. No. 1–10–10, 2010–Ohio–4819 (the possible consequences of the commission of a felony under R.C. 2929.141 are discretionary options of the trial court, and no notice to a defendant of those options is required); *State v. Witherspoon,* 8th Dist. Cuyahoga No. 90498, 2008–Ohio–4092; *State v. Mullins,* 12th Dist. Butler App. No. CA2007–01–028, 2008–Ohio–1995, ¶ 14 (holding that there is no requirement that the trial court at the sentencing hearing notify defendant of the possible penalties under R.C. 2929.141, though "we do note that the better practice would be to include notification of the potential implications of R.C. 2929.141 when notifying defendants of the other potential implications of postrelease control"); *State v. Susany,* 7th Dist. Mahoning App. No. 07MA7, 2008–Ohio1543 (there is no requirement that the defendant must also be informed of the penalties under R.C. 2929.141 as part of the notification required under R.C. 2929.19(B)).

In the case sub judice, the trial court stated as follows at the March 2, 2015 sentencing hearing:

THE COURT: It is mandatory upon your release from prison you will be placed on what is known as post-release control for a period of three years by the adult parole authority. While on post-release control, you will be subject to a variety of rules and regulations. Should you fail to follow those rules and regulations, you could be sent back to prison for a period of up to nine months for each rule violation you may commit. The total amount of time you could be sent back to prison would be equal to one-half of your original prison sentence.

*If you commit a new felony while on post-release control, in addition to any sentence you receive for that new felony, additional prison time could be added to that sentence in the form of the time you have left on post-release control, or one year, whichever is the greater. Do you understand what I just went over?*

THE DEFENDANT: Yes.

[*Nicholson*] Transcript of March 2, 2015 sentencing hearing at 7–8. (Emphasis added).

Recently, in *State v. Wills,* 5th Dist. Muskingum No. CT2015–0009, 2015–Ohio–4599, this Court found that the trial court, which used identical language to the above highlighted language at sentencing, "advised appellant of post release control and the language 'could be added' is sufficient and tantamount to saying 'consecutive to.' " *Wills,* at paragraph

13. We found that the appellant, in *Wills,* had been advised of post-release

control and its ramifications.

       Based on *Wills,* appellant's first assignment of error is overruled.

*State v. Nicholson*, 2016-Ohio-50.


**{¶18}** This Court again addressed the same issue in *State v. Mercer,* Muskingum

Co. No. CT2015-0017, 2016 Ohio 49. Mercer specifically argued the trial court failed to

advise him, if he committed a new felony while on post-release control, any additional

post-release control time would have to be served consecutively to any term for the new

felony under R.C. 2929.19(B) and *R.C.* 2929.141.

**{¶19}** *Mercer* noted the split of authority among districts as set forth in the Fourth

District's holding in *State v. Adkins*, 4th Dist. No. 14CA29, 2015-Ohio-2830. The trial court

in *Mercer* included language at the sentencing hearing similar to R.C. 2929.141. This

Court held,

       Recently, in *State v. Wills,* 5th Dist. Muskingum No. CT2015–0009,

2015–Ohio–4599, this Court found that the trial court, which used identical

language to the above highlighted language at sentencing, "advised

appellant of post release control and the language 'could be added' is

sufficient and tantamount to saying 'consecutive to.' " *Wills,* at paragraph

13. We found that the appellant, in *Wills,* had been advised of post-release

control and its ramifications.

       Based on *Wills,* appellant's sole assignment of error is denied.

*State v. Mercer*, 2016-Ohio-49.

**{¶20}** We recognize this Court did not specifically state in *Wills*, *Nicholson* or *Mercer* a trial court must advise a defendant of the consequences imposed by R.C. 2929.141. But by addressing the sufficiency of the notification under R.C. 2929.141 concerning the consecutive nature of the sanction, we impliedly did so, and did so in reliance on the holding in *Adkins*, and *State v. McDowell*, 9th Dist. No. 26697, 2014-Ohio-3900.

**{¶21}** However, most recently in *State v. Brown*, Fifth Dist. Richland Co. No. 16CA15, 2016-Ohio-5893, this Court specifically held post release control notification does not require notification of the penalty provisions in R.C. 2929.141(A). The *Brown* opinion does not reference this Court's earlier decisions in *Wills*, *Nicholson* or *Mercer*.

**{¶22}** The case *Brown* does reference on this issue is the *Adkins* case from the Fourth District which was referenced in both our *Nicholson* and *Mercer* opinions. However, the *Brown* court only references that portion of the Adkins' opinion wherein it acknowledged those appellate districts which have held the R.C. 2929.141(A) notification is not required. *Brown* then finds *Adkins* "persuasive". (*Brown*, Id. at ¶25)

**{¶23}** But, *Adkins* specifically holds "…the trial court was required to advise *Adkins* that under R.C. 2929.141(A), a violation of postrelease control could result in not only receiving a prison sentence for the violation of community control, but also that such a sentence would necessarily be served consecutively to any prison sentence he received for committing a new crime." *Adkins*, at ¶1. Accordingly, it would appear this Court's *Brown* panel meant to find *Adkins* unpersuasive in accordance with the contrary opinions of the other districts cited in *Adkins*.

**{¶24}** This panel chooses not to follow *Brown,* but rather adhere to *Adkins*, *McDowell*, *Wills*, *Nicholson* and *Mercer*. We find the failure of the Perry County Common Pleas Court sentencing entry to advise Appellant of the consequences contained within R.C. 2929.141(A) prohibits the Muskingum County Common Pleas Court from imposing the sanctions contained therein.[2] Accordingly, we find the trial court erred in failing to grant Appellant's motion to vacate sentence.

**{¶25}** The judgment of the Muskingum County Court of Common Pleas is reversed. The matter is remanded to that court to reenter sentence in accordance with this opinion and the law.

By: Hoffman, P.J.

Wise, J. and

Baldwin, J. concur

---

[2] This Opinion should not be interpreted as rendering an opinion as to whether the Perry County Common Pleas Court could impose a prison term of up to seven months for Appellant's violation of that portion of the post-release notification that was given.